(No. 15570.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MALCOLM A. LOVE *et al.* Plaintiffs in Error.

*Opinion filed December 19, 1923—Rehearing denied Feb. 8, 1924.*

1. CONSTITUTIONAL LAW—*legislature may change a rule of evidence.* The legislature does not have power to declare what shall be conclusive evidence, but no one has any vested right in a rule of evidence either in a criminal or civil case, and there is no constitutional prohibition against the legislature changing a rule of evidence so long as it leaves to a party a fair opportunity to make his defense and to submit all the facts to the jury.

2. SECURITIES—*when admitting certificate of Secretary of State is not prejudicial although it states a conclusion.* Conclusions of the Secretary of State as to whether or not statements and documents filed in his office by officers of a corporation constitute a compliance with the law have no place in the certificate which is made *prima facie* evidence against a defendant under paragraph 5 of section 37 of the Securities act, but where non-compliance is obvious from the undisputed evidence in the case, the admission of the certificate in evidence, though erroneous, will not require reversal of the judgment of conviction.

3. SAME—*paragraph 5 of section 37 of Securities act, making certificate of the Secretary of State prima facie evidence, is valid.* Paragraph 5 of section 37 of the Securities act, making the certificate of the Secretary of State *prima facie* evidence against a defendant charged with selling securities without complying with the act, does not violate the constitution and is not void as depriving the accused of a right to meet witnesses face to face, as that doctrine has no application to documentary evidence.

4. SAME—*certificate of Secretary of State under paragraph 5 of section 37 of Securities act is documentary evidence.* The certificate of the Secretary of State, which is made *prima facie* evidence against a defendant under paragraph 5 of section 37 of the Securities act, is an official act under the seal of the State, required of a public officer by the statute and certifying to what the records of his office show, and it is within the category of documentary evidence.

5. SAME—*when sale of stock is not within exemption of paragraph 2 of section 5 of Securities act—evidence.* A sale of stock to one who happens to be a stockholder of the corporation is not within the exemption of paragraph 2 of section 5 of the Securities act as to distributions of stock to stockholders, where it is a

sale of class "D" securities by an agent of the corporation without compliance with the Securities act; and in a prosecution for violation of the act, evidence of sales other than the one to said stockholder is admissible to show that the sale charged was not a distribution of stock to stockholders, and also to show that it was not an isolated sale exempted by paragraph 1 of section 5 of the act.

6. SAME—*an indictment for illegal sale of class "D" securities need not negative exemptions of section 5 of Securities act.* An indictment charging defendants with the sale of class "D" securities without compliance with the Securities act need not negative the exemptions enumerated in section 5 of the act, as that is a matter of defense.

7. CRIMINAL LAW—*indictment need not state statutory offense in exact language of statute.* An indictment for a statutory offense need not contain all the language of the statute on the subject, but it is sufficient if it states the offense in the terms of the statute or states the offense in language sufficiently explicit that the defendant may know the nature of the charge against him and that the jury hearing the cause may understand it.

8. SAME—*what exhibits may be taken to jury room rests in discretion of court.* In a criminal case the jury may take with them to the jury room those exhibits which are directly connected with the subject of the judicial investigation, and what exhibits may be regarded as within the rule is a matter resting in the sound discretion of the trial judge.

THOMPSON, J., dissenting.

APPEAL from the County Court of Winnebago county; the Hon. FRED E. CARPENTER, Judge, presiding.

HARRY B. NORTH, EARLY & EARLY, WILLIAM D. KNIGHT, and B. J. KNIGHT, for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, WILLIAM JOHNSON, State's Attorney, and EDWARD C. FITCH, (A. B. LOUISON, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiffs in error, Malcolm A. Love, Ernest E. Lewis and Charles F. Buman, were indicted in the circuit court of Winnebago county for selling and offering to sell securities known as class "D" under the Illinois Securities law with-

out complying with that law. The cause was certified to the county court of that county for trial and comes here for review, a constitutional question being involved.

Plaintiffs in error Love and Lewis were president and secretary of the American Engineering and Development Company. The indictment consists of three counts. The first charges that plaintiffs in error, as agents of the American Engineering and Development Company, a corporation, the issuer of certain securities in class "D," unlawfully sold and offered to sell to John W. Howard ten shares of the capital stock of said corporation without compliance with the provisions of the Illinois Securities law. The second count charges the sale of such stock to Howard. The third count is in substance the same, except that it charges more fully the failure to comply with the Securities law on the part of the corporation. A motion to quash the indictment was overruled. A bill of particulars was ordered filed. This described the American Engineering and Development Company more in detail, alleging also that the defendants employed Marion F. Ambrosius, of Rockford, Illinois, to act as their agent and the agent of the corporation in the sale and disposition of the stock, and that the defendants in various ways aided, abetted and assisted Ambrosius to sell to Howard the ten shares of capital stock referred to in the indictment and received the proceeds from such sale; that the stock was signed by Love as president and Lewis as secretary; that while the purported face value of the stock was $10 a share, it was, in fact, at the time of the sale of no market value but was purely speculative and worthless.

The contentions of the plaintiffs in error are, that paragraph 5 of section 37 of the Securities law is unconstitutional as applied to criminal cases; that the facts did not bring the sale within the prohibition of the statute; and that the court erred in instructions to the jury and in the admission of evidence. The form of the certificate of the Secretary of State appears not to have been objected to.

Concerning the first contention, it is argued that the act denies a defendant the right to be confronted by the witnesses against him and gives to the Secretary of State the right to prove defendant guilty without testifying; that he may thereby decide the ultimate fact in dispute without appearing in court. The certificate of the Secretary of State put in evidence stated that he is the keeper of the records filed under the Securities acts, and further as follows: "I have searched the said records and documents and find that the American Engineering and Development Company has not complied with the provisions of the Illinois Securities law * * * respecting its securities and has not filed the statements and documents specified and required in and by said acts." Paragraph 5 of section 37 provides that "in any prosecution, action, suit or proceeding before any of the several courts of this State based upon or arising out of or under the provisions of this act, a certificate under the seal of State, duly signed by the Secretary of State, showing compliance or non-compliance with the provisions of the Illinois Securities law, respecting the securities in question or respecting compliance or non-compliance with the provisions of the act by any issuer, solicitor, agent, broker, dealer or owner, shall constitute *prima facie* evidence of such compliance or of such non-compliance with the provisions of this act, as the case may be, and shall be admissible in evidence in any action at law or in equity to enforce the provisions of this act." The certificate required by the act does not call for the secretary's conclusions concerning the guilt or innocence of one accused of a breach of the law, but is a certificate of the condition of the records in his office concerning the documents required to be filed and is to be taken as *prima facie* evidence of such state of his records. By this section the legislature said, in effect, that the certificate of the Secretary of State shall be taken as *prima facie* evidence of the facts therein stated. Its evident purpose is to avoid the necessity of transporting

310—36

the records from one part of the State to another, or calling individuals out of the office of the Secretary of State to travel to different parts of the State to act as witnesses in cases brought under the law. To so require would place an unreasonable burden upon the State.

The act requires that the filing of certain statements specified therein shall constitute compliance with the act, and unless they are such statements as the act requires, the Secretary of State is not allowed to file them. His certificate, therefore, in cases where the documents required by the act have not been filed, is to the effect that the records in his office do not show the filing of the statements required by the statute. If, on the other hand, the statute has been complied with, a defendant in a criminal or other case is entitled to have the certificate of the Secretary of State as to statements filed. Conclusions of the Secretary of State as to whether or not statements and documents filed in his office by the officers of any corporation constitute a compliance with the law have no place in the certificate here referred to. If the statements comply with the law the Secretary of State is required to file them; if they do not, the statute provides that they shall not be filed. Section 2 of the act provides that the word "file" or "filing" shall mean the indorsement of the word "filed" on any statement or document received, for the purpose of showing that in the opinion of the Secretary of State the provisions of the act have been complied with. The discretion required to be exercised by him lies in determining, before filing, whether the statements offered are such as the act requires. By section 18 of the act his decision may be reviewed by the circuit court of Sangamon county. Until such statements are filed no one has any right to sell class "D" stock of such corporation.

Plaintiffs in error do not contend that they filed with the Secretary of State the documents required by law. They say they delivered papers to one James A. Davis in

Chicago, who told them to go ahead and sell their stock and if they had any trouble to come and see him. He was not shown to be connected with the office of the Secretary of State or authorized to receive papers for filing in that office. One Arthur G. Davis testified that he had searched the records of the office of the Secretary of State and found · no documents specified in the act to be filed. There is no evidence of such filing. The certificate of the Secretary of State in this case contains a conclusion and was not in that condition competent as evidence and should not have been admitted in that form. As non-compliance with the statute is obvious from the undisputed evidence in the case, we are unable to see wherein defendants were injured by the admission of that part of the certificate offering a conclusion. Though it was error to admit the certificate in the form presented, we are of the opinion that this error is not sufficient to require a reversal of the judgment in this case.

While the legislature does not have power to declare what shall be conclusive evidence, (*People* v. *Rose*, 207 Ill. 352,) no one has any vested right in a rule of evidence either in a criminal or civil case, and there is no constitutional prohibition against the legislature changing it so long as it leaves to a party either in a criminal or civil case a fair opportunity to make his defense and to submit all the facts to the jury. The fact that the statute makes the certificate of the Secretary of State *prima facie* evidence of the facts therein stated does not make such act void, as contravening the constitution. (*People* v. *Beck,* 305 Ill. 593; *People* v. *Falk, ante,* p. 282; *Johnson* v. *Pendergast,* 308 Ill. 255.) Nor is the section void as depriving the accused of a right to meet witnesses face to face. Such doctrine has no application to documentary evidence of this character. (*Sokel* v. *People,* 212 Ill. 238; *Tucker* v. *People,* 122 id. 583.) The certificate of the Secretary of State is an official act under the seal of the State, required of a public officer by the statute, certifying to what the records

of his office show. It is within the category of documentary evidence referred to in these cases. The act is not open to the constitutional objections urged. ·

Section 8 of the act provides that all securities other than those falling within classes "A," "B" and "C" shall be known as securities in class "D." Section 9 provides that no securities in class "D,"—*i. e.*, no securities based on a prospective income,—shall be sold or offered for sale until there shall have been filed in the office of the Secretary of State the certain statements and documents required by section 9. Section 29 provides that any solicitor, agent or broker selling or offering to sell any securities in class "D" without compliance with the provisions of the act shall be deemed guilty of a misdemeanor and punished according to the provisions of that section. Securities in class "D" are subject to the provisions of the act and can be sold only upon compliance with the terms of the act,— *i. e.*, by filing in the office of the Secretary of State a statement, verified by oath, setting forth in detail the description of the securities intended to be sold and detailed information which is specified in the law in regard to the issuer of the securities,—the law under which it is organized; if a corporation, the names and addresses of its officers, directors or trustees, or persons composing the issuer; if it is a non-incorporated association, a statement of its assets and liabilities and of its income, and certain other information specified in the act. This provision is to protect the public from fraud in the sale of wild-cat or blue sky securities. *Stewart* v. *Brady,* 300 Ill. 425.

Counsel for plaintiffs in error argue that securities which fall under class "D" may be treated as under class "B" where the circumstances of the sale are such as to come within some one provision of section 5 relating to sales of securities in class "B;" that there is no violation of the statute in this case because the only sale charged in the in-

dictment was made to John W. Howard, who was a stock-
holder in the issuer corporation, and that under paragraph 2
of section 5 of the act plaintiffs in error were entitled to sell
the stock to him without first filing a statement with the
Secretary of State.   Paragraph 2 of section 5 defines certain
sales of securities which by section 5 are made not subject
to the provisions of the act in case of original sale.   This
paragraph refers to "capital stock of a corporation when
sold or distributed by it among its stockholders without the
payment of any commission or expenses to agents, solicitors
or brokers and without incurring any liability for any ex-
penses whatsoever in connection with the distribution there-
of," and plaintiffs in error contend that since this stock was
sold to Howard, who was a stockholder of the corporation,
it was exempt from the provisions of the act.   Howard tes-
tified that he received the certificate of stock from Am-
brosius.   Ambrosius, who was separately indicted and had
pleaded guilty, testified that he got the stock from the com-
pany by mail; that he received from Howard the sum of
$100, which he sent by his check to defendant Lewis; that
during the summer previous to this transaction he had ar-
ranged with plaintiffs in error to sell the stock of the cor-
poration.   It is evident from his testimony that he had
acted as agent of the corporation and plaintiffs in error for
the sale of this stock.   He testified that he did not receive
any commission at the time he sold to Howard the ten
shares charged in the indictment.   He, however, testified
that he made a number of sales of stock for this corpora-
tion; that he frequently consulted with plaintiffs in error as
officers of the corporation and distributed their advertising
matter; that he received stock through the mails made out
in the names of the purchasers and collected the money
therefor and sent it to the company.   His sales were to
others than those already stockholders of this corporation.
While he stated that on the whole he did not make any
money out of handling the stock of the company, he testi-

fied that the American Engineering and Development Company assumed a note for $1000 for him at the Rockford National Bank upon which he with a Dr. Pierce was liable as surety for another corporation. It is evident that he received compensation for his services in the sale of this stock, that the stock was not distributed to stockholders of the corporation as contemplated by paragraph 2 of section 5, and that the sale to Howard was not within the exemption of that paragraph of the act. Without deciding whether class "D" securities may be exempt as under class "B," the record does not show the sale to come within the provisions of paragraph 2 of section 5 of the act.

It is objected that evidence of transactions of plaintiffs in error concerning sales of stock other than the sale to Howard was not competent and that the court erred in admitting it. This evidence was admissible on more than one ground. Paragraph 1 of section 5 of the act exempts isolated sales, and this evidence was competent to show that the sale charged was not an isolated sale. Such evidence was also competent to show the relation of Ambrosius in his dealings with the corporation and plaintiffs in error, as tending to show that the sale charged was not a distribution of stock by the corporation to its stockholders.

Other objections are urged to the admission of evidence, but upon examination of the record we find no error in the court's rulings thereon.

Plaintiffs in error contend that the indictment does not state a cause of action; that while the rule is that averments in an indictment when laid in the language of the statute are sufficient, the language of the statute embraced within the indictment in this case does not define the offense or charge a crime. The indictment charges that plaintiffs in error unlawfully sold and offered to sell ten shares of stock of the American Engineering and Development Company without full compliance with the Securities law. Section 9 of the act provides that no securities in class "D" shall be sold

or offered for sale until certain statements have been filed with the Secretary of State. Section 30 of the act provides that any issuer of securities, or any officer, director, trustee or agent thereof, selling or offering to sell any securities in class "D" without full compliance with the provisions of the act shall be deemed guilty of misdemeanor and fined or imprisoned in the county jail, or both. The indictment charges that plaintiffs in error sold the stock in question as agents of the American Engineering and Development Company. It is not necessary that an indictment contain all the language of the statute on the subject, but it is sufficiently technical and correct if it states the offense in the terms and language of the statute creating the offense, or states the offense in language sufficiently explicit that the defendant may know the nature of the charge against him and the jury hearing the cause may understand it. (*People* v. *McBride,* 234 Ill. 146; *People* v. *Weil,* 244 id. 176; *DuBois* v. *People,* 200 id. 157.) Nor is it necessary that the indictment negative the exemptions enumerated in section 5 of the statute. The offense lies in selling class "D" securities without full compliance with the Securities law. If there has not been a compliance with the law plaintiffs in error are guilty. If they did not make such sales, or in making them complied with the statute, such is a matter of defense which will defeat the action. The indictment is sufficient.

It is also charged that it was error to permit the jury to take the exhibits to the jury room with them. In criminal cases the jury may take with them to the jury room those exhibits which are directly connected with the subject of the judicial investigation. What exhibits constitute those specified in the rule is a matter resting in the sound discretion of the trial judge. (*People* v. *Clark,* 301 Ill. 428; *Dunn* v. *People,* 172 id. 582.) The exhibits bore directly on the charge, and there was no abuse of discretion in permitting them to go to the jury room.

Objections are also raised to certain instructions given for the People and refusal of certain instructions offered by plaintiffs in error. We have examined these instructions and are of the opinion that no error was committed in giving or refusing the same.

The jury heard the testimony in this case and were amply justified by the record in returning a verdict of guilty. The record contains no reversible error, and the judgment of the county court will be affirmed. *Judgment affirmed.*

Mr. JUSTICE THOMPSON, dissenting.