People of the State of Illinois, Plaintiff-Appellee, v. Walter Radford, Otherwise Called William Rowe (Impleaded), Defendant-Appellant.

Gen. No. 50,877.

First District, First Division.

September 25, 1967.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Carolyn Jaffe and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Truman Larrey, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

In a two-count indictment, defendant, Walter Radford, John Harrell, and Wilson Thomas, Jr. were charged with theft and conspiracy to commit a theft. Both Harrell and Thomas testified for the State, and a jury found defendant Radford guilty of both charges. He was

sentenced to a term of 2 to 10 years on the theft count and 2 to 5 years on the conspiracy count.

In sum, Radford initiated a conspiracy with Harrell and Thomas to collect damages for self-inflicted injuries. Harrell broke the arm of Thomas and then pushed Thomas into the side of a moving automobile. Thomas received the sum of $3,000 in settlement of his fraudulent claim.

On appeal defendant contends: (1) He was convicted and sentenced both for theft and for conspiracy to commit the same theft, contrary to controlling Illinois law. (2) He was prejudiced when the trial court permitted Wilson Thomas, Jr. to display to the jury a scar which allegedly resulted from the alleged breaking of his arm. (3) He was prejudiced when a documentary exhibit of testimonial nature was sent to the jury room in violation of Illinois law. (4) He was prejudiced by the prosecutor's closing argument which called attention to his failure to testify, in violation of his constitutional rights. (5) He was sentenced upon conviction on Count I for an offense which was not charged in the indictment.

Harrell, as a witness for the State, related the details of the scheme proposed by Radford in January, 1963. On March 22, 1963, Harrell, at defendant's direction, broke Thomas' arm by placing it on an ironing board and hitting it with an automobile axle, and, at defendant's direction, Harrell pushed Thomas into a passing car. Thomas was taken to a hospital, and Radford brought a lawyer to see Thomas and represent him in his proposed claim for damages.

Thomas, as a witness for the State, testified as to the initiation of the scheme, the breaking of his arm, his unsuccessful attempt to dive in front of a car, and that at the signal of Radford, Harrell pushed him into a car, and he was taken to a hospital. He testified that his arm was operated on and, over objection, he was permitted to exhibit the scar to the jury. Thomas also told about his $3,000 settlement, of which $1,000 was paid to his at-

torneys. He received a net check for $2,000, which he and Radford cashed at a currency exchange. He gave Radford $1,200, and he kept $800.

The State's witnesses also included an investigator and a claim superintendent of State Farm Insurance. They related the settlement negotiations and the payment of $3,000 for a release. The checks were received in evidence.

The defendant did not testify but presented one witness, who testified that he had been the general manager of a Ford agency in March, 1963, and defendant Radford had been employed by him to repossess cars. Radford repossessed a car owned by John Harrell, and Harrell came to the agency and was very angry and told defendant Radford that he would get even with him.

The State does not contest defendant's contention that only one judgment of conviction and sentence should have been entered here. Therefore, we consider first defendant's contention that he was prejudiced when the trial court permitted Thomas to display to the jury the scar he allegedly acquired as a result of the breaking of his arm. Defendant asserts this constituted prejudicial and reversible error. Defendant's authorities include People v. Nickolopoulos, 25 Ill2d 451, 185 NE2d 209 (1962), where the defendant was charged with assault with intent to commit murder. There, the Supreme Court held that evidence of blood on the victim's clothing and evidence of the extent of the victim's injuries was irrelevant and improper and of such a nature as to be highly prejudicial to the defendant.

The State contends that the extent of Thomas' wound was relevant, since the nature and location of the breaking of the arm might be significant in determining whether or not the breaking of the arm was an act in furtherance of the conspiracy to commit theft. It was evidence which tended directly to show that the accused was guilty of the offense of conspiracy.

311

██ We conclude that the exhibition of the scar on the arm of Thomas was not improper. Its relevance as evidence of an act in furtherance of a conspiracy to commit theft was a matter for the sound discretion of the court, and we fail to see that it was prejudicial to defendant in view of the testimony as to how the scar was brought about. Also, see People v. Cunningham, 73 Ill App2d 357, 218 NE2d 827 (1966); People v. Cohn, 358 Ill 326, 193 NE 150 (1934).

██ Considered next is defendant's contention that defendant was prejudiced when his statement to an insurance company representative was sent to the jury room during its deliberations. Defendant argues that it was a direct violation of the explicit command of People v. Spranger, 314 Ill 602, 145 NE 706 (1924), that a testimonial exhibit must not be sent to the jury room. The question of whether exhibits received in evidence and read to the jury may be taken to the jury room is within the sound discretion of the trial court. We are of the opinion that no abuse of discretion or prejudice is shown here. People v. Somerville, 71 Ill App2d 381, 219 NE2d 116 (1966); People v. Dixon, 75 Ill App2d 77, 221 NE2d 35 (1966).

Defendant next contends that in the closing argument, the prosecutor commented upon defendant's failure to testify. The record shows that the prosecutor on a number of occasions stated, "the testimony is uncontradicted . . ." or "it is not contradicted or rebutted." Defendant asserts, "The prosecutor's comments mentioned evidence presumably within the defendant's knowledge, with the implication that if these items of evidence were capable of being rebutted or contradicted, it was up to the defendant to take the stand and rebut or contradict them. Thus was his failure to testify called to the jury's attention."

██ Comments on defendant's neglect to testify are improper (Ill Rev Stats 1965, c 38, § 155–1), and a judg-

ment of conviction may be reversed if such a comment is made. (People v. Cheney, 405 Ill 258, 90 NE2d 783 (1950).) However, we believe the instant remarks come within the guidelines of People v. Norman, 28 Ill2d 77, 190 NE2d 819 (1963), where the court said (p 81):

"This court has held that a prosecutor could properly call the attention of the jury to the fact that the State's evidence was uncontradicted even though the circumstances were such that the defendant was the only person who could have denied the People's evidence."

We find no error here. Furthermore, these statements were not objected to by the defendant at the time of the trial. See People v. Donald, 29 Ill2d 283, 194 NE2d 227 (1963).

■ Finally, defendant contends that he was indicted for petty theft under Count I in the indictment but was sentenced, upon conviction, for grand theft. Cited is People v. Lott, 24 Ill2d 188, 181 NE2d 112 (1962), where it is said (p 191):

"It is reversible error for the trial court to find the defendant guilty of a crime for which he was not indicted."

Defendant points out that Count I of the indictment stated that the defendant "knowingly obtained unauthorized control over one hundred fifty dollars . . . ." From this language, defendant argues, "The only offense charged in Count I of the indictment is petty theft. To sentence the defendant for grand theft upon conviction of Count I therefore violates the specific command of the Supreme Court in the Lott case."

The State points out that Count II included the language "to commit the offense of theft of property in excess of $150.00 in value . . . ." The State argues that the two-count indictment clearly charged the defendant

313

with the theft of property with a value in excess of $150 and cites People v. Kamsler, 67 Ill App2d 33, 214 NE2d 562 (1966), where the court said (p 41):

> "Furthermore, in assessing whether an indictment meets the test of reasonable certainty, all the counts of the indictment may be considered. . . . Four counts of the indictment were available on arraignment to inform defendant of the charge against him. The fact that judgment was not entered on the conspiracy count does not eliminate that count from providing defendant with information of the charge against him. The indictment taken as a whole stated the offense in the language of the Statute and is sufficient."

The foregoing pronouncements apply here. We hold there was no substantial variance between the proof and the indictment. The counts in the indictment were sufficient to enable the defendant to prepare his defense and to plead any judgment in bar of a subsequent prosecution for the same offense. (People v. Beeftink, 21 Ill2d 282, 287, 171 NE2d 632 (1961).) Defendant was properly sentenced for grand theft on Count I.

█ As to sentencing, the State concedes that the defendant should not have been sentenced on both the inchoate and the principal offense (Ill Rev Stats 1963, c 38, § 8–5). In the instant case, conspiracy was the inchoate and theft was the principal offense, and only one sentence should have been imposed for the greater offense. See People v. Duszkewycz, 27 Ill2d 257, 189 NE2d 299 (1963). Therefore, it follows that the judgment and sentence imposed on the charge of conspiracy to commit theft must be set aside.

█ We note that at the aggravation and mitigation hearing, the State showed that defendant Radford was on probation for two 5-year sentences for theft. Therefore,

we see no reason to reduce the theft sentence. The judgment of the Circuit Court of Cook County upon the offense of theft is affirmed, and its judgment upon the charge of conspiracy to commit a theft is reversed.

Affirmed in part and reversed in part.

BURMAN and ADESKO, JJ., concur.