THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HOWARD McDAVID, Defendant-Appellant.

(Nos. 55601, 55674 cons.; 

First District—December 16, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Suzanne M. Kohut and James J. Doherty, Assistant Public Defenders, of counsel,) for appellants.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Edward B. Mueller, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

The defendant was found guilty of arson at a jury trial. He was convicted and sentenced to a term of six to 18 years in the penitentiary. The issue on which the defendant bases this appeal is that the indictment under which he was convicted omitted necessary statutory elements of the captioned offense and was, therefore, a void indictment rendering his conviction reversible error.

We affirm.

Ill. Rev. Stat. 1967, ch. 38, par. 20—1 reads as follows:

"A person commits arson when, by means of fire or explosive, he knowingly:

(a) Damages any real property, or any personal property having a value of $150 or more, of another without his consent; * * *."

The defendant was originally indicted under indictment 69-1796 in June of 1969 which was some two months after the alleged crime. Indictment 69-1796 was a four count indictment charging the defendant with two counts of murder, one count of aggravated battery and one count of arson. Both murder counts indicated that the act which led to the death involved was "setting fire to a building." The arson count also indicated

that the crime was committed by means of fire. Indictment 69-1796 remained in effect for some ten months until April 6, 1970, the day the case came to trial. At that time indictment 69-1796 was *nolle prossed* by the State and superceded by indictment 70-957 which is the indictment in issue on this appeal. Indictment 70-957 contained the same counts as indictment 69-1796. Both murder counts in indictment 70-957 contained the language "by setting fire to a building." However, the arson count of indictment 70-957 did not contain any reference as to the means by which the building was destroyed. The relevant language of that arson count was as follows:

"Howard McDavid committed the offense of arson in that he knowingly damaged a building, located at 4935 South Indiana Avenue, Chicago, the property of Francis Brinkman, * * * the damage to said building being in excess of one hundred fifty dollars, without the consent of said Francis Brinkman, * * * in violation of Chapter 38, Section 20—1, of the Illinois Revised Statutes 1967."

The defendant argues that by failing to include within the body of the arson count language describing the means by which the building was destroyed, to wit: "by means of fire or explosive," the arson indictment was void, because no such offense was charged.

■■ We do not agree with the defendant's argument. An indictment is sufficient where it states the elements of the offense with sufficient particularity to apprise the accused of the crime charged and to enable him to prepare his defense and permit a conviction or acquittal to be pleaded in bar of a subsequent prosecution for the same offense. (*People v. Grieco* (1970), 44 Ill.2d 407, 255 N.E.2d 897.) Further, it is not necesary that an indictment contain all the language of the statute on the subject, but it is sufficient if it states the offense in the terms and language of the statute creating the offense, or states the offense in language sufficiently explicit that the defendant may know the nature of the charge against him. *People v. Love* (1923), 310 Ill. 558, 142 N.E. 204.

■■ In order to decide the instant appeal, we are not required to go as far as the *Love* case, *supra*, might permit. It is true, as the defendant has asserted, that the arson count in indictment 70-957 upon which he was convicted omits any language describing the means by which the arson was achieved, *i.e.* "by fire or explosive." However, the two murder counts of indictment 70-957, upon which the defendant was acquitted, contain language describing the alleged act of the defendant which led to the death charged, *i.e.* "by setting fire to a building." Thus, when read as a whole, indictment 70-957 more than adequately sets out the necessary elements of the charge of arson. In *People v. Kamsler* (1966), 67 Ill.App. 2d 33, 214 N.E.2d 562, the Court said at page 41:

"Furthermore, in assessing whether an indictment meets the test of reasonable certainty, all the counts of an indictment may be considered. *Shoop v. People*, 45 Ill.App. 110 (1892). Four counts of the indictment were available on arraignment to inform defendant of the charge against him. * * * The indictment taken as a whole stated the offense in the language of the Statute and is sufficient."

See also *People v. Radford* (1967), 87 Ill.App.2d 308, 232 N.E.2d 100.

Finally, the defendant in his brief argues what he alleges to be a further defect in indictment 70-957. That is, the indictment states that the damage to the building was "in excess of one hundred fifty dollars. * * *" However, the defendant argues that the statute requires that the value of the propery be in excess of one hundred fifty dollars. After re-examining the language of the statute, the defendant, at the oral argument of this appeal, admitted that the minimum value requirement only applied to situations involving personal and not real property. No further discussion on this point is necessary.

Judgment affirmed.

McNAMARA, P. J., and DEMPSEY, J., concur.