THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIE MILES, Defendant-Appellant.

First District (1st Division)    No. 79-830

Opinion filed March 16, 1981.—Rehearing denied June 22, 1981.

James J. Doherty, Public Defender, of Chicago (Sam Majerowicz, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Joel A. Stein, and Lawrence T. Krulewich, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The defendant, Willie Miles, appeals from his convictions for voluntary manslaughter and armed violence based on voluntary manslaughter and the imposition of concurrent seven-year sentences for these convictions. On appeal, the defendant urges that his convictions were improper because: (1) voluntary manslaughter could not serve as the underlying offense for an armed violence charge based upon equal protection considerations and the rules of statutory construction; (2) the information failed to properly charge the offense of armed violence; (3) the verdict could not sustain the conviction because the instructions did not define "dangerous weapon" nor did they direct the jury to determine whether the use of a gun was proven beyond a reasonable doubt; (4) the defendant's confession was uncorroborated and, therefore, the State failed to prove the *corpus delicti* and the defendant's guilt beyond a reasonable doubt; and (5) the court erred in entering judgment and

sentencing the defendant on both armed violence and voluntary manslaughter in that both arose out of the same act.

We affirm in part and reverse in part.

The facts pertaining to this case are not contested by the parties. On July 1, 1978, at approximately 12:50 a.m. Chicago police officer Milton Marshall was participating in a narcotics raid at 5727 South Prairie Street when he heard two or three gun shots. Shortly thereafter, an unnamed man approached him and accompanied him to a tavern approximately one-half block from the site of the narcotics raid. There, Marshall found a man bleeding from an apparent gunshot wound to the upper portion of his body. Marshall found no weapon on the decedent nor did he find a weapon in the near vicinity. No one in the vicinity or in the tavern supplied any information to Marshall as to what had occurred. When other police officers responded to Marshall's call for assistance, Marshall returned to his original assignment.

As a part of the investigation of this case police investigator Robert Strahlman picked up the defendant and took him to Area 1 homicide office where he informed him of his constitutional rights. At this time the defendant made a statement to Stahlman to the effect that on July 1, 1978, at about 1 a.m. he was in front of Mama D's lounge at 206 East 58th Street when he became involved in a heated argument with Antonia Duncan regarding drugs. The defendant told Strahlman that when Duncan "came at him," the defendant who was 5′5″ and weighed 130 pounds drew a .38 revolver and shot him three times. According to his statement, after the shooting the defendant threw his gun into the Washington Park lagoon. The defendant gave Assistant State's Attorney Timothy Quinn this same statement, adding only that the argument arose when Duncan accused him of giving Duncan bad drugs. Miles denied giving Duncan any drugs. After giving these statements the defendant showed Strahlman and Quinn where the shooting occurred and where he disposed of the gun. The gun was never recovered.

Dr. Tai An, the Cook County pathologist who conducted the autopsy on the decedent, stated that the decedent was 5′11″ and weighed 160 pounds at the time of his death. He attributed the cause of death to a bullet wound of the face which lacerated the brain; however, he noted that the autopsy also revealed a laceration on the right side of the nose and a number of small abrasions to the decedent's left collar bone, right hand, palm and fingers. Dr. An testified that these wounds might have been caused by more than one bullet or by the shattering of a single bullet.

After receiving the foregoing evidence, the jury found the defendant guilty of voluntary manslaughter and armed violence based on the commission of the voluntary manslaughter. On December 5, 1978, the defendant's written post-trial motion and motion in arrest of judgment

were denied and the defendant sentenced to concurrent seven-year sentences. The defendant has filed a timely notice of appeal.

We consider first the defendant's argument that count IV of the information was insufficient because we believe that this issue is determinative of several other issues raised on appeal. The instant information contained four counts. Counts I and II charged the defendant with murder under sections 9—1(a)(1) and 9—1(a)(2) and counts III and IV charged the defendant with armed violence based on the underlying offenses of murder (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 33A—2) and voluntary manslaughter (Ill. Rev. Stat. 1977, ch. 38, par. 9—2(b)). Count IV specifically charged that the defendant "committed the offense of armed violence in that he, while armed with a dangerous weapon, to wit: a gun, committed a felony defined by Illinois law, to wit: voluntary manslaughter in violation of Chapter 38 Section 33A—2/9—2(b) Illinois Revised Statutes and against the peace and dignity of the People of the State of Illinois."

The statutes referred to in count IV provided in pertinent part:

"§33A—2. Armed violence—Elements of the offense. A person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois Law."

"§9—2. Voluntary Manslaughter. (a) A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by:

(1) The individual killed, or

(2) Another whom the offender endeavors to kill, but he negligently or accidentally causes the death of the individual killed.

Serious provocation is conduct sufficient to excite an intense passion in a reasonable person.

(b) A person who intentionally or knowingly kills an individual commits voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed, would justify or exonerate the killing under the principles stated in Article 7 of this Code, but his belief is unreasonable."

A defendant has a constitutional (U.S. Const., amend. VI; Ill. Const. 1970, art. 1, §8) as well as a statutory right (Ill. Rev. Stat. 1977, ch. 38, par. 111—3) to know the nature and cause of a criminal accusation against him. This guaranty is satisfied if an indictment or information provides a specific description of the offense charged against the defendant so that the defendant is able to fully prepare his defense and plead the judgment involved in a subsequent prosecution for the same offense. *People v. Valley Steel Products Co.* (1978), 71 Ill. 2d 408, 375 N.E.2d 1297; *People v.*

*Grieco* (1970), 44 Ill. 2d 407, 255 N.E.2d 897; *People v. Lewis* (1940), 375 Ill. 330, 31 N.E.2d 795.

■■ Illinois decisional law reveals that there are separate rules governing the sufficiency of an indictment or information first attacked on appeal and one which is attacked by a motion to dismiss or a motion in arrest of judgment. (*People v. Lutz* (1978), 73 Ill. 2d 204, 383 N.E.2d 171; *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437.) In the latter, the query is whether the indictment or information sufficiently states the necessary elements of the offense as required by section 111—3 so that by the language used a defendant is "apprised with reasonable certainty of the precise offense with which he or she is charged." *People v. Lutz* (1978), 73 Ill. 2d 204, 211, 383 N.E.2d 171, citing with approval *People v. Patrick* (1967), 38 Ill. 2d 255, 258, 230 N.E.2d 843.

Section 111—3 (Ill. Rev. Stat. 1977, ch. 38, par. 111—3) which implements the constitutional guarantee provides that the charging document name the offense, cite the statutory provision alleged to have been violated and set forth the nature and elements of the offense with which the defendant has been charged. A charge should contain such a clear specification of the acts and descriptive circumstances as will on its face fix and determine the identity of the offense with particularity. *People v. Schwartz* (1976), 64 Ill. 2d 275, 356 N.E.2d 8; *People v. Gregory* (1974), 59 Ill. 2d 111, 319 N.E.2d 483; 21A Ill. L. & Prac. *Indictments and Informations* §§44, 55 (1977).

In this regard, the information may be read as a whole (*People v. Williams* (1967), 37 Ill. 2d 521, 229 N.E.2d 495; *People v. Whitlow* (1980), 86 Ill. App. 3d 858, 411 N.E.2d 1354; *People v. Garmon* (1974), 19 Ill. App. 3d 192, 311 N.E.2d 299), but reference to a statutory citation is not sufficient to identify the offense with sufficient particularity. (*People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437.) Moreover, where the commission of an underlying offense is a requisite for the commission of a second offense, the information must also contain the elements of the underlying offense. (*People v. Hale* (1979), 77 Ill. 2d 114, 395 N.E.2d 929; *People v. Lutz; People v. Van Winkle* (1980), 86 Ill. App. 3d 289, 408 N.E.2d 29; *People v. Goodman* (1973), 12 Ill. App. 3d 400, 298 N.E.2d 1.) In *Goodman*, the defendant was charged by information with armed violence based on the underlying offense of aggravated assault. There, the court found the information fatally insufficient because the information failed to allege the elements of the underlying offense of aggravated assault in that no reference was made to the elements of assault.

■■ The State argues that in the instant case, as distinguished from *Goodman*, the elements of the underlying offense of voluntary manslaughter are contained in the information. The State makes this assertion based on the argument that counts I and II charging the defendant with

murder also legally include the elements of the lesser-included offense of voluntary manslaughter. It is a correct statement of the law that an information charging murder is also sufficient to charge any underlying offense and that, therefore, a conviction for voluntary manslaughter cannot be attacked on the basis of an insufficient information. (*People v. Speed* (1972), 52 Ill. 2d 141, 284 N.E.2d 636; *People v. Lewis* (1940), 375 Ill. 330, 31 N.E.2d 795.) We refrain, however, from extending this rule to the instance where the voluntary manslaughter charge is an underlying offense for the commission of armed violence and the information includes a count stating the elements of murder but not one stating the elements of voluntary manslaughter. We believe that in such an instance the information or indictment must contain the elements of voluntary manslaughter whether these elements are stated in the armed violence count or in a separate count.

■■ Armed violence is the commission of a specific offense while armed with a dangerous weapon. (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 33A—2.) Under the instant information it is unclear whether the underlying act referred to is a killing committed while the defendant was acting under the influence of passion as defined by section 9—2(a) or while the defendant was under the unreasonable belief that his use of force was justified based on section 9—2(b) (Ill. Rev. Stat. 1977, ch. 38, par. 9—2(a), (b)). As such, without specifying the elements of either of the alternative forms of voluntary manslaughter the defendant is not made aware of the exact nature of the offense with which he has been charged from the face of the information as required. We note that, while the information does make reference to section 9—2(b), the citation of this provision does not serve to incorporate that statute or its elements by reference into the information. (*People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437.) We do not believe that the information was sufficient to charge the defendant with armed violence based on the underlying offense of voluntary manslaughter.

■■ The State next argues that even if the information was insufficient on its face that this does not require a reversal absent proof that the insufficiency prejudiced the defendant. From our reading of *People v. Lutz* (1978), 73 Ill. 2d 204, 383 N.E.2d 171, we believe that the State misapprehends the proper rule concerning the sufficiency of the instant information. As the defendant here filed a motion in arrest of judgment he is not required to show actual prejudice but rather only that he was not apprised of the offense with which he was charged because the information failed to sufficiently state the elements of the offense as required by section 111—3. As already noted, the record supports the defendant's argument raised by the motion in arrest of judgment that the information

was insufficient. Accordingly, we find that the judgment of conviction based upon the armed violence charge must be reversed. Based on this finding, we find it unnecessary to consider either defendant's other arguments concerning the armed violence conviction or his argument concerning the entry of judgment and the imposition of a sentence on both the armed violence and voluntary manslaughter charges. Consequently, we turn next to the defendant's contention concerning the sufficiency of the voluntary manslaughter conviction.

The defendant next contends that neither the *corpus delicti* nor the defendant's guilt was proven beyond a reasonable doubt because the only evidence which went to the proof of these issues is the defendant's uncorroborated confession. The defendant correctly states the general rule that a confession is insufficient to support a conviction without corroborating evidence. (*People v. Norcutt* (1970), 44 Ill. 2d 256, 255 N.E.2d 442; *People v. Perfecto* (1962), 26 Ill. 2d 228, 186 N.E.2d 258; *People v. Avery* (1980), 88 Ill. App. 3d 771, 410 N.E.2d 1093.) However, we are also cognizant of the rule that once the confession is corroborated by other circumstances, both the corroborating evidence and the confession may be considered in determining the sufficiency of the conviction. *People v. Perfecto*; *People v. Gavurnik* (1954), 2 Ill. 2d 190, 117 N.E.2d 782; *People v. Avery*.

Here the record shows ample corroboration of the confession as well as evidence of the *corpus delicti*. The defendant's confession stated that he shot Antonio Duncan on July 1, 1978, at about 1 a.m. and, in fact, Duncan was found shot to death on that date according to a pathologist report. The pathologist also found that the decedent had some amount of morphine in his body at the time of death which would corroborate the defendant's statement that the shooting occurred as the result of an argument concerning drugs. Moreover, the defendant confessed to shooting Duncan three times at a particular tavern and Officer Marshall testified that he heard two or three shots and upon investigating these shots found the wounded Duncan at the exact spot where the defendant stated the shooting occurred. We believe that these facts were sufficient to establish not only the *corpus delicti* but also the defendant's guilt beyond a reasonable doubt.

In reaching the above conclusions with regard to the armed violence and voluntary manslaughter convictions, we note that the record does not indicate that the trial court may have been influenced by the defendant's armed violence conviction when sentencing the defendant on the voluntary manslaughter charge and, therefore, we find no reason to have this case remanded for resentencing. (*People v. Myers* (1980), 83 Ill. App. 3d 1073, 404 N.E.2d 1082.) Accordingly, the judgment of the circuit court of

Cook County finding the defendant Willie Miles guilty of voluntary manslaughter is affirmed; however, the finding of the court as to the armed violence count is reversed.

Judgment is affirmed in part, reversed in part.

McGLOON and O'CONNOR, JJ., concur.