THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDWARD ALEJOS, JR., Defendant-Appellant.

First District (2nd Division)    No. 80-2187

Opinion filed February 9, 1982.

Ralph Ruebner, Richard F. Faust, and Steven Clark, all of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Casimir J. Bartnik, and Raymond F. Brogan, Assistant State's Attorneys, of counsel), for the People.

JUSTICE DOWNING delivered the opinion of the court:

After a bench trial, defendant Edward Alejos, Jr., was found guilty of voluntary manslaughter and armed violence based on the underlying felony of voluntary manslaughter. (Ill. Rev. Stat. 1977, ch. 38, pars. 9—2 and 33A—2.) He was sentenced to two concurrent terms of 7 years.

Defendant was charged in four counts. Count 1 of the four-count information charged defendant with murder in violation of section 9—1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 9—1(a)(1)). Count 2 charged him with murder in violation of section 9—1(a)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 9—1(a)(2)). Count 3 charged him with armed violence based on the underlying felony of murder in violation of section 33A—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 33A—2). Count 4, under which defendant was convicted, charged him with armed violence "in that he, while armed with a dangerous weapon, to wit: a firearm committed a felony defined by Illinois law, to wit: voluntary manslaughter in violation of Chapter 38, Section 33A—2 Illinois Revised Statutes."

The three issues raised by defendant on appeal deal with various aspects of the armed violence statute. First, defendant argues that count 4 of the information charging him with armed violence based on the underlying felony of voluntary manslaughter failed to properly charge him with an offense. Second, defendant argues that it is improper to base an armed violence conviction on the underlying felony of voluntary manslaughter. Third, defendant argues that his conviction for two offenses violates the rule of "one act, one crime." Since we agree with defendant's first argument, it is unnecessary for us to reach the remaining issues.

Defendant and Christian Arntzen, the victim, were both teenagers in the same neighborhood on the northwest side of the city of Chicago, although defendant was currently on active duty in the United States Navy, stationed at Great Lakes Naval Base. During an altercation on a street corner one night, defendant fired multiple shots from a handgun into the victim. At trial, defendant claimed that he feared he would receive great bodily harm from the victim. The trial court, in finding defendant guilty, characterized the case as a "classic case of voluntary manslaughter."

I

Defendant contends that count 4 is insufficient in that it does not set

forth with particularity the elements of voluntary manslaughter, upon which the charge of armed violence is predicated. Additionally, these elements are not set forth in any other count of the information. Specifically, defendant claims he was not sufficiently informed whether the voluntary manslaughter count was based on section 9—2(a) (sudden and intense passion) or section 9—2(b) (unreasonable belief of justification). Defendant properly attacked the information in the trial court with a timely motion in arrest of judgment. (Ill. Rev. Stat. 1979, ch. 38, par. 116—2.) The motion was denied.

■■ Section 111—3(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 111—3(a)) contains the requirements for a charging instrument. A charging instrument must, *inter alia*, state the name of the offense, cite the statutory provision, and set forth the nature and elements of the offense. We believe that count 4 of the information does not adequately set forth the nature and elements of the offense in that the elements of voluntary manslaughter are not alleged, nor is there any reference to either paragraph of section 9—2. Two recent cases of this court held identical informations to be insufficient under section 111—3(a). We fully agree with the discussion of this issue in *People v. Easter* (1981), 102 Ill. App. 3d 974, 978, and *People v. Miles* (1981), 96 Ill. App. 3d 721, 725-26, 422 N.E.2d 5. Based on the principles set forth in those cases, we reverse defendant's armed violence conviction.

## II

■■ Based on our action with respect to count 4, we must vacate defendant's sentence on the voluntary manslaughter conviction and remand for resentencing on this conviction. We cannot be certain that the presence of the armed violence conviction did not influence the trial court's sentence on the voluntary manslaughter conviction. See *People v. Filker* (1981), 101 Ill. App. 3d 228, 229, 427 N.E.2d 1311; *People v. Walton* (1981), 94 Ill. App. 3d 903, 912-13, 419 N.E.2d 495.

In summary, defendant's conviction for armed violence is reversed. The conviction for voluntary manslaughter is affirmed, the sentence on the voluntary manslaughter conviction is vacated, and this cause is remanded for resentencing. The judgment of the circuit court of Cook County is affirmed in part, reversed in part, and remanded.

Affirmed in part, reversed in part, and remanded.

PERLIN and HARTMAN, JJ., concur.