(No. 55603.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ALAN EARL HALL, Appellee.

*Opinion filed December 17, 1982.—Modified January 27, 1983.*

Tyrone C. Fahner, Attorney General, of Springfield, and Daniel D. Doyle, State's Attorney, of Rockford (Michael B. Weinstein and Thomas E. Holum, Assistant Attorneys General, of Chicago, and Martin N. Ashley and Raymond F. Buckley, Jr., of the State's Attorney's Appellate Service Commission, of Mt. Vernon, of counsel), for the People.

Marvin J. Leavitt, David M. Schneider, and David H. Robertson, Jr., of Leavitt & Schneider, of Chicago, for appellee.

JUSTICE SIMON delivered the opinion of the court:

This is an appeal from a decision of the appellate court reversing the armed-violence conviction of defendant, Alan Earl Hall, in the circuit court of Winnebago County.

Defendant was arrested by undercover agents of the Department of Law Enforcement when he attempted to sell them cannabis at his home. He was subsequently charged in a three-count information, only the first two counts of which are relevant to this decision. They charged:

"Count I
That on the 24th day of March, 1978 in the County of Winnebago ***, Alan Earl Hall committed the offense of Violation of the Cannabis Control Act, in that he knowingly and unlawfully possessed, with intent to deliver, a substance containing more than 500 grams of cannabis, in violation of paragraph 705(e), Chapter 56½, Illinois Revised Statutes.

Count II
That on the 24th day of March, 1978, in the County of

Winnebago ***, Alan Earl Hall committed the offense of Armed Violence, in that he, while armed with a dangerous weapon, to-wit: a certain revolver, committed a felony defined by Illinois law, in that he violated Chapter 56½, Section 705(e) of the Illinois Cannabis Control Act, in violation of Paragraph 33A—2, Chapter 38, Illinois Revised Statutes."

The evidence adduced at trial was that two agents of the Department of Law Enforcement had set up a meeting at defendant's house, where they were to buy cannabis from defendant. Agent John Hindes testified that he and defendant entered the house and defendant placed a garbage bag containing marijuana on the kitchen counter. Hindes then left the house, ostensibly to get the money from his car to pay for the marijuana, and returned with his partner, Agent Charles Bradley. This much was not disputed.

What happened next was the subject of conflicting testimony. Hindes asserted that he displayed his badge at this point and announced that defendant was under arrest. Defendant then reached into his coat pocket. Bradley shouted to Hindes, "He's got a gun," and Hindes grabbed it and refused to let go. Hindes stated that he then put his own gun back in his pocket, picked defendant up, set him down in the kitchen sink, and wrestled defendant's gun from his hands. The defendant's version of the arrest was that his gun was in a cupboard in the kitchen at the time, rather than in a holster underneath his coat as Hindes had testified, and that he never drew it or threatened either officer with it. Rather, both agents drew their guns and Hindes thrust his in defendant's stomach. He grabbed at Hindes' gun instinctively, whereupon Hindes showed his badge for the first time, announced the arrest, turned defendant around and made him let go of the gun. Hindes then went through defendant's pockets and asked him if he kept a gun in the house; defendant told him that it was in the cupboard, and Hindes took it.

The jury returned a verdict of conviction for possession of cannabis with intent to deliver and armed violence, and acquitted the defendant of assault, which was charged in count III of the information. Defendant filed a motion in arrest of judgment, asserting that the armed-violence conviction should be set aside because count II of the information failed to set forth the necessary elements of the predicate felony. The motion was denied. The appellate court, in reversing, held that the failure to state the elements of the underlying felony impermissibly deprived defendant of notice as to what the State would allege he was doing while armed with a gun. (*People v. Hall* (1981), 99 Ill. App. 3d 196.) We allowed the State's petition for leave to appeal.

Armed violence may be charged "when, while armed with a dangerous weapon, [defendant] commits any felony defined by Illinois Law." (Ill. Rev. Stat. 1979, ch. 38, par. 33A—2.) The predicate felony alleged in count II of the information is violation of section 5(e) of the Cannabis Control Act. That section (Ill. Rev. Stat. 1977, ch. 56½, par. 705(e)) can be violated by any of four acts. The statute makes it "unlawful for any person knowingly to manufacture, deliver, or possess with intent to deliver, or manufacture, cannabis." The problem in this case arises from the omission in count II of any allegation stating which of the four acts set forth in section 705 of the Cannabis Control Act the defendant was committing while armed with a revolver. Defendant therefore contends the information did not give him adequate notice of the specific crime with which he was charged.

The State responds that count I of the information charges the defendant with possession of cannabis with intent to deliver: it therefore urges that the information should be read as a whole and that the charge contained in count I cures any ambiguity in count II. We agree with the State's argument under the facts of this case.

Constitutional provisions (U.S. Const., amend. VI; Ill.

Const. 1970, art. I, sec. 8) and statutes of this State (Ill. Rev. Stat. 1977, ch. 38, par. 111—3) require that an information set forth the nature and elements of the offense charged and that it be sufficiently specific in so doing as to apprise the defendant with reasonable certainty of the offense with which he is charged, so that he will be able to prepare a defense and plead any acquittal or conviction which results as a bar to future prosecutions. (*People v. Heard* (1970), 47 Ill. 2d 501; *People v. Shelton* (1969), 42 Ill. 2d 490; *People v. Ross* (1968), 41 Ill. 2d 445, *cert. denied* (1969), 395 U.S. 920, 23 L. Ed. 2d 237, 89 S. Ct. 1771.) This requirement applies to the predicate felony in a count charging armed violence just as it does to a count charging the underlying felony alone. (*People v. Miles* (1981), 96 Ill. App. 3d 721; *People v. Van Winkle* (1980), 86 Ill. App. 3d 289.) The rule protects the defendant against being forced to speculate as to the nature or elements of the underlying offense, thus spreading his resources thin, attempting to rebut all of the possibilities, while the prosecutor merely focuses on the most promising alternative and builds his case around that.

However, elements missing from one count of a multiple-count indictment or information may be supplied by another count. In *People v. Stanley* (1972), 4 Ill. App. 3d 23, 24, a count charging only that defendant "while armed with a [knife] engaged in the commission of the offense of armed violence" was held sufficiently specific to charge the offense where two previous counts set forth the nature and elements of the predicate offense of battery and named the victim. (See also *People v. Lombardi* (1973), 13 Ill. App. 3d 754; *People v. Radford* (1967), 87 Ill. App. 2d 308; *People v. Kamsler* (1966), 67 Ill. App. 2d 33.) In fact, some cases have suggested that where an indictment contains more than one count and at least one count is clear as to the transaction involved, a presumption arises that the unclear counts relate to the same transaction unless the contrary

appears from the indictment. *People v. Borrelli* (1946), 392 Ill. 481, 489 (counts unclear as to the identity of the intended victims of a conspiracy); *People v. Lombardi* (1973), 13 Ill. App. 3d 754, 759-60 (same).

While armed violence can be charged without also charging defendant with the predicate offense, as the appellate court observed (see, *e.g., People v. Vriner* (1978), 74 Ill. 2d 329; *People v. Lee* (1977), 46 Ill. App. 3d 343), cases such as *Lombardi* and *Stanley* do not permit the voiding of armed-violence counts in multiple-count informations merely because the prosecutor may base the armed-violence charge on a felony other than those charged elsewhere in the information. We believe that when one count of a multiple-count indictment states the purported predicate offense for another count with specificity, the latter count should not be held void unless the information itself or the prosecutor indicates affirmatively that some other offense is the predicate or there remains a realistic possibility of prejudicial uncertainty as to the predicate offense in light of facts agreed upon or placed in dispute.

In this case the predicate offense, violation of the Cannabis Control Act, can consist of delivery, possession with intent to deliver (the charge made specifically in count I), manufacture, or possession with intent to manufacture. No facts were ever brought forth to support a charge of manufacture or possession with intent to manufacture; in fact, the theory adopted by both parties was that Hindes asked defendant to sell him marijuana several times and was turned down each time because defendant did not have any marijuana and did not know where to get any. It was only when a friend gave defendant some marijuana that a deal was made, and the defendant was willing to sell all of his marijuana to Hindes in order to raise enough money to pay his creditors. The State and defendant both assumed these facts, as the testimony of their witnesses and the closing arguments of counsel make clear. Any charge of manufac-

ture or possession of cannabis with intent to manufacture would have failed for lack of any evidence. There was no foundation whatever for either charge, and hence no reason to disturb the presumption that the transaction alleged in count II was the same as that in count I. See *People v. McDavid* (1971), 3 Ill. App. 3d 169.

Any ambiguity there could be in count II on the basis of the facts agreed on or disputed could only be as to whether the predicate offense was "delivery" or "possession with intent to deliver." Although these are separate crimes (*People v. Lewis* (1979), 75 Ill. App. 3d 1009), they are not mutually exclusive crimes: where the former occurs the latter generally must also occur, and where both occur sequentially, as here, "delivery" is an instantaneous act which terminates the deliverer's "possession." Since it is all but inconceivable that a defendant who is armed while delivering cannabis would not be so armed the second before delivery while he was still a "possessor," a defense aimed at showing that defendant was not armed while possessing with intent to deliver would, if successful, also acquit him of being armed at delivery: a second defense aimed at showing that he was not armed at delivery would add nothing the defendant would not already have established. Inasmuch as neither the information nor the prosecutor indicated in any affirmative way that delivery was the predicate felony of armed violence and inasmuch as a defense based on assuming the charge spelled out in count I to be the predicate felony could not possibly have compromised defendant's chances, the ambiguity in the information was inherently not prejudicial and should not have been grounds for reversal in the appellate court. *Cf. People v. Kamsler* (1966), 67 Ill. App. 2d 33, 41 (no prejudice possible where none of the alternative grounds for prosecution was substantially different from the others).

Prosecutors, of course, should be encouraged to draft indictments and informations which are as specific as possi-

ble and leave nothing to the defendant's imagination. This opinion should not be read as condoning omissions in counts of an information or indictment in this or other cases. However, a multiple-count information where one count sets forth clearly the nature and elements of an offense mentioned in general terms in a later count will ordinarily support the presumption that the deed described in the former count was what was referred to in the latter; this presumption may be overcome if the offense charged in the latter count can be committed in different ways and the defendant would be unable to defend against any of the conceivable unmentioned alternatives were he to assume that the alternative mentioned in the former count was the one meant in the latter. The focus remains on defendant's ability to prepare an effective defense that, if successful, would bar further prosecutions for the same offense. Thus in *People v. Lutz* (1978), 73 Ill. 2d 204, two counts charging aggravated battery were held fatally defective where the offense could be committed in two alternative ways and a defense aimed at disproving either one would not disprove the other. (See also *People v. Heard* (1970), 47 Ill. 2d 501 (disparate and alternative ways of committing the offense of gambling, with no prior count specifying any one way).) In *People v. Miles* (1981), 96 Ill. App. 3d 721, on which the appellate court relied, defendant was charged with murder, armed violence based on murder, and armed violence based on manslaughter and was convicted of manslaughter and armed violence based on manslaughter. The appellate court found the information fatally deficient as to armed violence based on manslaughter because the precise mitigating factor was not mentioned in the armed-violence count or any other count and a defense against armed violence based on either alternative (killing while under the influence of passion or killing while under the mistaken belief that use of deadly force was justified) might not have sufficed against armed vio-

lence based on the other alternative. (See also *People v. Alejos* (1982), 104 Ill. App. 3d 414 (same, relying on *Miles*); *People v. Easter* (1981), 102 Ill. App. 3d 974 (same).) In *Miles*, however, none of the alternatives were set forth specifically in a preceding count so as to give notice to defendant that any one of them would be prosecuted. "Reading the indictment as a whole" would have disclosed nothing to defendant, as it did in this case. We do not see why defendant in the instant case should have assumed the predicate offense of armed violence to have been anything other than possession with intent to deliver, the charge set forth in the preceding count, or how presuming it to be possession with intent to deliver could have prejudiced him.

Because of the manner in which we are disposing of the case, it is unnecessary to consider whether the literal requirement of section 111–3 of the Code of Criminal Procedure of 1963 ("[a] charge shall [set forth] the nature and elements of the offense charged" (Ill. Rev. Stat. 1977, ch. 38, par. 111–3)) or a lesser "actual prejudice" standard should apply in assessing this challenge to the sufficiency of an information, raised for the first time by a motion in arrest of judgment. (See *People v. Lutz* (1978), 73 Ill. 2d 204; *People v. Pujoue* (1975), 61 Ill. 2d 335.) The idea that a multiple-count information should be read as a whole is equally relevant whether the focus of inquiry is actual prejudice to the defendant or potential for prejudice.

The judgment of the appellate court is reversed, the cause is remanded to that court for consideration of the other issues originally raised by the defendant in the appellate court but not decided by that court.

*Reversed and remanded,*
*with directions.*

JUSTICE MORAN, dissenting:

The majority concludes the count charging armed violence properly states an offense. I disagree.

Section 111–3 of the Code of Criminal Procedure of

1963 requires that the charging instrument set forth "the nature and elements of the offense charged." (Ill. Rev. Stat. 1977, ch. 38, par. 111—3(3). See *People v. Lutz* (1978), 73 Ill. 2d 204.) Moreover, "an indictment or information must charge all the elements of the offense." (*People v. Sowrd* (1938), 370 Ill. 140, 143.) As the majority notes, this applies equally to the elements of the predicate felony in a count charging armed violence. 96 Ill. 2d at 320.

The predicate felony in the instant case, section 5 of the Cannabis Control Act (Act) (Ill. Rev. Stat. 1977, ch. 56½, par. 705), prohibits knowingly manufacturing, delivering, or possessing with intent to deliver or manufacture cannabis. To be a valid charge, the armed-violence count alleged here (count II) must specify which of these four alternative acts the defendant is accused of committing. (See *People v. Heard* (1970), 47 Ill. 2d 501, 504-05; *People v. Miles* (1981), 96 Ill. App. 3d 721.) However, count II merely recites essentially that defendant, while armed, violated section 5(e) of the Act.

To cure the defect in count II, the majority suggests that the information should be read as a whole. Count I charges defendant with possession of cannabis with intent to deliver. The majority then states: "elements missing from one count of a multiple-count indictment or information may be supplied by another count." (96 Ill. 2d at 320.) Based on this premise, it reasons the defendant should have presumed the People intended the element alleged in count I to apply as the element of the predicate felony violation alleged in the armed-violence count. I consider the majority's premise unsound.

"Each count in an indictment is regarded as if it was a separate indictment." (*Dunn v. United States* (1932), 284 U.S. 390, 393, 76 L. Ed. 356, 358-59, 52 S. Ct. 189, 190. See *Selvester v. United States* (1898), 170 U.S. 262, 42 L. Ed. 1029, 18 S. Ct. 580.) Moreover, "[e]ach count must

stand on its own, and cannot depend for its validity on the allegations of any other count not specifically incorporated." (*United States v. Fulcher* (D.C. Cir. 1980), 626 F.2d 985, 988. See *United States v. Winter* (1st Cir. 1981), 663 F.2d 1120, 1138; *United States v. Huff* (5th Cir. 1975), 512 F.2d 66; *People v. Berndt* (1968), 101 Ill. App. 2d 29. See also *People v. Nelson* (1948), 399 Ill. 132. Accord *People v. Moore* (Colo. 1980), 615 P.2d 726.) Furthermore, what was said in *Moore* is applicable here:

> "The People argue that, if any defect is present in count two of the information, the defect is cured when counts one and two are read together. This argument is unsound. It has long been the general rule that each count of an information must be judged independently. See 41 Am. Jur., *Informations and Indictments,* sec. 221 (1968). Absent a clear and specific incorporation by reference, each count of an information 'to be valid must be independent of the others, and in itself charge the defendant with a distinct and different offense.' " 615 P.2d 726, 729.

While elements from one count may be incorporated into another count by reference, later counts cannot absorb the elements of prior counts by osmosis. (*United States v. Fulcher* (D.C. Cir. 1980), 626 F.2d 985, 988.) The armed-violence count in the instant case failed to set forth or incorporate by reference the nature and elements of the underlying felony. For this reason, it is void. I would affirm the judgment of the appellate court.