THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GENE KIMMONS, Defendant-Appellant.

Fifth District   No. 78-513

Opinion filed December 14, 1979.

HARRISON, J., specially concurring.

John H. Reid, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

William A. Schuwerk, Jr., State's Attorney, of Chester (Raymond F. Buckley, Jr., and Gillum Ferguson, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

Defendant, Gene Kimmons, was charged with unlawful possession of diazepam, a Schedule IV controlled substance (Ill. Rev. Stat. 1977, ch. 56½, par. 1210). Following a bench trial, he was convicted of a violation of section 402 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1402), and sentenced to four years in the penitentiary, to be served consecutively to the terms he was already serving.

Defendant was an inmate of Menard penitentiary when the controlled substance in question was found during a search of his cell. No issue has been raised concerning the sufficiency of the evidence of his

guilt. The sole issue raised by defendant in his initial brief was whether the sentence imposed was an excessive punishment. Subsequently, defendant sought leave of this court to raise a second issue by way of supplementary brief; the State concurred in this request and sought leave to respond. That issue is whether defendant's conviction of a violation of section 402 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1402) can stand, in view of *People v. Natoli* (1979), 70 Ill. App. 3d 131, 387 N.E.2d 1096, in which section 402 was declared a nullity.

Section 402(b) of the Controlled Substances Act states that unlawful possession of a Schedule IV controlled substance is a Class 3 felony. Section 401(e) states that unlawful delivery of a Schedule IV controlled substance is a Class 4 felony. The *Natoli* court reasoned that possession is a lesser offense than delivery, and that a higher penalty for possession than for delivery was therefore irrational. Accordingly, the court found the legislature had made some mistake in prescribing the sentence for possession. Unwilling to speculate as to what sentence the legislature intended to prescribe for this offense, the court concluded no penalty for possession existed. Since a statute containing prohibitive language without a penalty is a nullity, the court held the possession charge against defendant could not be maintained.

We feel compelled to follow *Natoli*. We perceive no legitimate legislative purpose to be served by punishing possession of a controlled substance more severely than delivery.

■■ In the vast majority of situations, possession cannot occur except for an act of delivery. However, possession is not the only undesirable result of delivery. Another frequent result is violence. In view of the nature of the evil the statutes in question address, the traffic in illicit drugs, and the remedy they seek to further, the suppression of that trade, it is beyond question that delivery is the more serious offense.

■■ ■ Therefore, we must conclude, as did the court in *Natoli*, that the sentence prescribed for possession was the result of a legislative oversight. It should be noted that the legislature has since addressed this problem in enacting Public Act 81-583, which made delivery a Class 3 felony and possession a Class 4 felony. Thus, the oversight is now corrected. Also, we concur with the majority in *Natoli* that it is beyond our function to speculate as to the sentence the legislature intended to prescribe for possession. In the absence of a penalty for possession, defendant's conviction of unlawful possession of diazepam cannot stand. Accordingly the judgment of defendant's guilt of unlawful possession of a controlled substance must be reversed.

Reversed.

KASSERMAN, J., concurs.

Mr. JUSTICE HARRISON, specially concurring:

While I join in the result reached by the majority, I concur separately to emphasize what I believe to be of crucial significance in the disposition of this cause, but only implicit in the majority's opinion.

Possession of a controlled substance is, by statutory definition, a lesser-included offense of the crime of delivery of such a substance. Section 102(i) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1102(i)) defines "deliver" or "delivery" as "the actual, constructive or attempted transfer of *possession* of a controlled substance * * *." (Emphasis added.) Therefore, by legislative circumscription, one who commits the statutory offense of delivery under section 401 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1401) has *ipso facto* committed the unlawful act of possession (Ill. Rev. Stat. 1977, ch. 56½, par. 1402). Our court has recognized this state of affairs in the past. *People v. Dunn* (1977), 49 Ill. App. 3d 1002, 365 N.E.2d 164.

In determining whether the sentence classification imposed for the crime of possession denies appellant the equal protection of the laws, we must resolve "whether the particular legislative classification is rationally designed to further a legitimate State purpose. (*San Antonio Independent School District v. Rodriguez* (1973), 411 U.S. 1, 17, 36 L. Ed. 2d 16, 33, 93 S. Ct. 1278, 1288; *Maher v. Roe* (1977), 432 U.S. 464, 470, 53 L. Ed. 2d 484, 492, 97 S. Ct. 2376, 2381.)" (*People ex rel. Tucker v. Kotsos* (1977), 68 Ill. 2d 88, 96, 368 N.E.2d 903.) Based on a review of the entire Illinois Controlled Substances Act, which the State invites upon us, no legitimate State interest is evident, or has been proposed, nor can I conceive of one, which can justify the sentencing of one convicted of delivery to a shorter term than one convicted of the lesser-included offense of possession. Such differential treatment is the sort of punitive and invidious discrimination the equal protection clause was designed to proscribe. (*Lehnhausen v. Lake Shore Auto Parts Co.* (1973), 410 U.S. 356, 359, 35 L. Ed. 2d 351, 354-55, 93 S. Ct. 1001, 1003-04; *Harper v. Virginia State Board of Elections* (1966), 383 U.S. 663, 666, 16 L. Ed. 2d 169, 172, 86 S. Ct. 1079.) This is why the possession statute violates the equal protection clauses of the United States and Illinois constitutions (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §2), and why any conviction thereunder is void.