THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDWARD MAFFEI, Defendant-Appellant.

Third District No. 79-197

Opinion filed March 18, 1980.

Robert Agostinelli and Verlin R. F. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Keefe, State's Attorney, of Rock Island (John X. Breslin, William S. Zale, Gillum Ferguson, and Martin N. Ashley, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

The defendant Edward Maffei appeals from the judgment of the Circuit Court of Rock Island County (entered after a bench trial) finding him guilty of possession of 1.5 grams of a controlled substance (valium). (Ill. Rev. Stat. 1977, ch. 56½, par. 1402(b).) The defendant was sentenced to 2 years in the penitentiary by the court.

Two issues are raised on appeal, both unrelated to the facts which clearly indicated that the defendant illegally possessed 8 valium capsules (a Schedule IV substance), weighing in total 1.5 grams. The first issue was raised by pretrial motion below and is again asserted on appeal. The defense argues that section 402(b) of the Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1402(b)) was unconstitutional because its sentencing provision violated the equal protection guarantees of the Federal and State constitutions. (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §2.) Under the Act, as previously in force at the time of

defendant's conviction, "possession" of small amounts of a Schedule IV controlled substance was made a Class 3 felony, while "delivery" of a similar amount of such a substance was made a Class 4 felony. The legislature, by Public Act 81-583, effective September 14, 1979, has since amended the Act so that possession is the Class 4 felony and delivery the Class 3 felony. A second issue raised by the defense is whether the trial court erred in not making specific findings as to why he did not sentence the defendant to probation. He requests that his term be reduced to one of probation, or, alternatively, that the cause be remanded for resentencing.

Giving primary consideration to the constitutional question raised, we note that both the First and the Fifth districts have found section 402(b) of the Controlled Substances Act unconstitutional as violative of the equal protection clauses in the Federal and State constitutions. (*People v. Natoli* (1979), 70 Ill. App. 3d 131, 387 N.E.2d 1096; *People v. Kimmons* (1979), 79 Ill. App. 3d 601, 399 N.E.2d 187.) Those courts found violations of the equal protection clauses in that while "possession", under section 402(b), is a lesser included offense of "delivery", under section 401(e), "possession" carried a higher penalty than "delivery." (Ill. Rev. Stat. 1977, ch. 56½, par. 1401(e), (f).) The appellate courts found such a sentencing scheme to be without rational justification and declared the penalty provisions of section 402(b) to be unconstitutional. Having struck down the penalty provisions, and finding no basis to infer a legislative intent therein, the courts held that convictions under section 402(b) could not stand. The *Natoli* court, the first to reach the issue, urged the legislature to correct its "oversight" for prospective prosecutions by appropriate and urgent legislation. This was done by Public Act 81-583, reversing the penalties as to possession and delivery. Under the current act, possession is a Class 4 felony and delivery a Class 3 felony.

On the basis of the precedents referred to, therefore, the conviction and sentence in the instant case cannot stand. The conviction and sentence imposed by the Circuit Court of Rock Island County in the instant case are accordingly reversed.

By reason of our disposition of this cause, it is not necessary that we discuss the second issue raised by defendant as to sentencing.

Conviction and sentence reversed.

SCOTT and STOUDER, JJ., concur.