THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TROY A. BAKER, Defendant-Appellant.

Fifth District   No. 79-435

Opinion filed March 26, 1980.

Robert H. Rice, of Belleville, for appellant.

Kelly D. Long, State's Attorney, of Hillsboro (Martin N. Ashley and Gillum Ferguson, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mme JUSTICE SPOMER delivered the opinion of the court:

Defendant-appellant Troy A. Baker pleaded guilty in the Circuit Court of Montgomery County to the unlawful possession of phenmetrazine, a Schedule III controlled substance, pursuant to plea negotiations in which the State agreed to dismiss a pending forgery charge. This appeal followed denial of the defendant's motion to withdraw his plea of guilty and vacate the judgment of conviction.

The defendant's contention is that the entire controlled substances possession statute in effect at the time of his offense (Ill. Rev. Stat. 1977, ch. 56½, par. 1402(b)) has been rendered unconstitutional by the decision in *People v. Natoli* (1979), 70 Ill. App. 3d 131, 387 N.E.2d 1096, and subsequent cases decided by this court. See *People v. Kimmons* (1979), 79 Ill. App. 3d 601, 399 N.E.2d 187; *People v. Winn* (1979), 80 Ill. App. 3d 148, 399 N.E.2d 236; *People v. Clark* (1979), 80 Ill. App. 3d 46, 399 N.E.2d 261.

Unlike *Natoli* and the other cited cases, however, the defendant here was not convicted under a statute treating the possession of a controlled substance more severely than delivery of the same substance; the statutory scheme at issue makes both possession and delivery of phenmetrazine a Class 3 felony. Ill. Rev. Stat. 1977, ch. 56½, pars. 1401(d), 1402(b).

■■ A similar situation was recently addressed by the same court which decided *Natoli*, in *People v. Craig* (1979), 79 Ill. App. 3d 1019, 1022, 398 N.E.2d 1172. The court in *Craig* stated that *Natoli* "did not sweep away all drug laws" and concluded that it could "find no fault with those laws which punish possession of a particular controlled substance no more severely than its delivery." (79 Ill. App. 3d 1019, 1023, 398 N.E.2d 1172, 1175-76.) We agree with the *Craig* court that the holding of *Natoli* and its progeny should be limited to cases where possession was punished *more* severely than delivery. A statutory scheme punishing possession of phenmetrazine *equally* as severely as the delivery of that substance is not

so irrational, nor such an obvious mistake of the legislature, that we should decline to enforce it. Compare *People v. Rhodes* (1967), 38 Ill. 2d 389, 231 N.E.2d 400 (same penalty for attempt as for completed offense). ■■ We further agree that *Natoli* does not invalidate section 402(b) in its entirety, and in all applications. The legislature has specifically declared that the invalidation of any application of any provision of the Controlled Substances Act to any person or circumstance shall not affect "other provisions or applications of the Act which can be given effect without the invalid provision or application * * * ." (Ill. Rev. Stat. 1977, ch. 56½, par. 1602.) It is difficult to imagine how the defendant here, charged with and convicted of the unlawful possession of a Schedule III substance, could have been denied equal protection of the laws by an infirmity in the penalty provisions applying to Schedule IV and V substances. As the court said in *Natoli*:

> "An essential element of every equal protection claim is that the law has placed the claimant in a worse position than some comparable person, or at least that the irrational classification has somehow prejudiced him. Where there is no injury there can be no claim." 70 Ill. App. 3d 131, 138, 387 N.E.2d 1096, 1101.

Because of the result we reach, we need not discuss the State's argument that the defendant is estopped from attacking his negotiated plea of guilty in light of the dismissal of the forgery charge against him. See *People ex rel. Bassin v. Isreal* (1975), 31 Ill. App. 3d 744, 335 N.E.2d 53; *cf. People v. Clark* (1979), 80 Ill. App. 3d 46, 49-50, 399 N.E.2d 261, 264-65.

For the foregoing reasons, the judgment of the Circuit Court of Montgomery County is affirmed.

Affirmed.

HARRISON and KARNS, JJ., concur.