THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WILLIAM L. BURKS, Defendant-Appellant.

Fourth District   No. 17557

Opinion filed August 3, 1982.

434

Daniel D. Yuhas and Gary S. Rapaport, both of State Appellate Defender's Office, of Springfield, for appellant.

Chris E. Freese, State's Attorney, of Sullivan (Robert J. Biderman and Denise M. Paul, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE MILLS delivered the opinion of the court:

Unlawful delivery of a substance represented to be a controlled substance (methaqualone)—guilty—sentenced to 4 years and fined $2,500.

Burks now contends he was convicted under an unconstitutional statute.

We agree—but only as to that portion of the statute authorizing a maximum fine of $15,000.

STANDING

The State first raises the issue of defendant's standing to challenge the constitutionality of the statute—pointing out that the $2,500 fine Burks received was less than the maximum allowable under either section 401(e) or 401(f) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1979, ch. 56½, par. 1401(e), (f)). This standing argument was raised and rejected in *People v. Wagner* (1982), 89 Ill. 2d 308, 433 N.E.2d 267, and we reject it here.

In *Wagner*, our supreme court held section 404 of the Illinois Controlled Substances Act unconstitutional. (Ill. Rev. Stat. 1977, ch. 56½, par. 1404.) At the time the defendant in *Wagner* was convicted, delivery or possession with intent to deliver a *substance represented* to be a controlled substance was a Class 3 felony and subject to a $15,000 maximum fine, while delivery or possession with intent to deliver a schedule IV or V *controlled substance* was a Class 4 felony, subject to either a $10,000 (schedule IV) or a $5,000 (schedule V) maximum fine. (Ill. Rev. Stat. 1977, ch. 56½, pars. 1401(e), (f), 1404.) The court struck down section 404 because it was irrational to punish delivery or possession with intent to deliver a *harmless* substance more se-

verely than delivery/possession with intent to deliver a *real* schedule IV or V controlled substance. The irrational nature of the statutory scheme violated the due process clause of the Illinois Constitution. Ill. Const. 1970, art. I, sec. 2.

■ Defendant in *Wagner* was sentenced to 2 years' imprisonment for a Class 3 felony. At the time of Wagner's conviction, the range of possible penalties for a Class 3 felony was not less than two nor more than five years; while the range for a Class 4 felony was not less than one nor more than three years. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(6), (7).) Thus, the sentence Wagner actually received was within the range of possible penalties for a Class 4 felony—a classification which, as discussed below, would have been constitutional. The same can be said of the fine Burks received. Defendants Wagner and Burks are thus similarly situated, and as Wagner had standing, so does Burks. The injury arises from being sentenced under an invalid statutory provision. Had the allowable penalties been different, the sentences might also have been different.

(*City of Chicago v. Lawrence* (1969), 42 Ill. 2d 461, 248 N.E.2d 71, *appeal dismissed, cert. denied* (1969), 396 U.S. 39, 24 L. Ed. 2d 208, 90 S. Ct. 263, cited by the State, is inapposite. This is not a case where a defendant to whom a statute clearly applies challenges its constitutionality on vagueness grounds.)

CONSTITUTIONALITY

The statutory scheme held unconstitutional in *Wagner* is not the same as that in effect at the time Burks was convicted. The legislature amended the Illinois Controlled Substances Act—not changing section 404, but reclassifying delivery or possession with intent to deliver schedule IV or schedule V controlled substances as Class 3 felonies. The amendments were passed before the *Wagner* decision and were really intended to correct the situation where *simple possession* of controlled substances was punished more severely under the Act than *delivery* or *possession with intent to deliver* the same substances. (See *People v. Bradley* (1980), 79 Ill. 2d 410, 403 N.E.2d 1029.) The fines for the respective offenses were left unchanged.

■ The result then is that delivery/possession with intent to deliver a schedule IV or V *controlled substance* and delivery or possession with intent to deliver a *substance represented* to be a controlled substance are all Class 3 felonies. This classification scheme suffers no constitutional defect.

In *People v. Baker* (1980), 82 Ill. App. 3d 590, 403 N.E.2d 46, the defendant was convicted of possession of a schedule III substance—a

Class 3 felony. At the time of his conviction, delivery of a schedule III controlled substance was also a Class 3 felony. The defendant contended that the entire Illinois Controlled Substances Act was invalid—relying on prior appellate court decisions holding that possession of a controlled substance could not be punished more severely than delivery of the same substance. The court in *Baker* distinguished these earlier cases on the basis that the provision under which Baker was convicted did not punish possession more severely than delivery, but rather, classified both as Class 3 felonies. The court stated, "A statutory scheme punishing possession of phenmetrazine *equally* as severely as the delivery of that substance is not so irrational, nor such an obvious mistake of the legislature, that we should decline to enforce it." (82 Ill. App. 3d 590, 591-92, 403 N.E.2d 46, 47.) Similarly, in *People v. Craig* (1979), 79 Ill. App. 3d 1019, 1023, 398 N.E.2d 1172, 1175, the court stated, "It is not unbelievable that the legislature might wish to punish possession as severely as delivery." In *Craig*, the appellate court affirmed the conviction of two defendants for possession of controlled substances.

The analysis of the appellate court in *Baker* and *Craig*, with respect to the distinction between possession and delivery of a controlled substance, is also applicable to the distinction between delivery of a controlled substance and delivery of a substance represented to be a controlled substance. Just as the legislature may have punished possession of a controlled substance as severely as delivery of the same, it may punish delivery of a substance represented to be a controlled substance as severely as delivery of the real thing. Therefore, the classification of both delivery of a controlled substance and delivery of a substance represented to be a controlled substance as Class 3 felonies is constitutional.

However, as section 404 still provides for a $15,000 maximum fine while sections 401(e) and (f) provide for $10,000 and $5,000 respectively, it is seemingly still possible for a person to receive a greater fine for delivery or possession with intent to deliver a harmless substance represented to be a controlled substance than a person would receive for delivery/possession with intent to deliver an actual schedule IV or schedule V controlled substance. Hence, it would seem that section 404 is still invalid as a violation of the due process clause of the Illinois Constitution. Ill. Const. 1970, art. I, sec. 2; *Wagner*.

Some uncertainty over the constitutionality of section 404 arises out of the legislature's piecemeal approach to amending the Illinois Controlled Substances Act. *Wagner* held section 404 unconstitutional. Subsequent amendments cured *part* of the defect. Because that por-

tion of section 404 imposing a $15,000 fine was not amended, it was and is void—a nullity. (*People v. Nicholson* (1978), 61 Ill. App. 3d 621, 377 N.E.2d 1063.) If section 404 does not provide for a maximum fine of greater than $10,000, then, under section 5—9—1(a)(1) of the Unified Code of Corrections, the maximum fine for an offense is $10,000. Ill. Rev. Stat. 1979, ch. 38, par 1005—9—1(a)(1).

At first blush, this is still unconstitutional, because section 401(f) provides for only a $5,000 fine. But, this is not the case. As $10,000 is greater than the $5,000 maximum fine specified in section 401(f), section 5—9—1(a)(1) takes precedence and makes the maximum $10,000. Thus, although the clear language of section 401(f) provided for a $5,000 maximum fine and although the clear language of section 404 provides for a $15,000 maximum fine, the maximum for both under this interpretation is $10,000. Thus, there is no disparate punishment between sections 401(e), (f), and section 404.

This construction does effectuate the principle of statutory construction that wherever possible, a statute should be construed to uphold its constitutionality. However, in adhering to this principle, we would create an absurdity—statutes which say one thing but mean another.

■ As *Wagner* did not deal directly with the fine portion of section 404 and since the legislature has made some attempt to cure the constitutional defects of the Controlled Substances Act, we will take the section 404 in effect at the time of Burks' conviction at face value. That is, as a Class 3 felony with a $15,000 maximum fine provided in the offense. So interpreted, section 404 is still unconstitutional because it provides for a more severe penalty than is provided in sections 401(e) and (f) which latter sections deal with more serious offenses.

The third district has recently held that "the disparity between the potential fines for section 404 offenses and section 401(e) or (f) offenses does not rise to constitutional dimensions." (*People v. Johnson* (1982), 106 Ill. App. 3d 759, 766, 436 N.E.2d 757.) In so holding, the court relied on *dicta* from *Bradley* wherein the supreme court placed the stamp of approval on a statutory scheme which allowed a greater fine to be imposed under section 402(b) of the Act for possession of a controlled substance than under section 401(e) or (f) for delivery or possession with intent to deliver a schedule IV or V controlled substance.

■ We find *Johnson* unpersuasive and decline to adopt its interpretation of *Bradley.* The clear import of both *Bradley* and *Wagner* is that the legislature may not constitutionally punish a less serious

crime more severely than a more serious crime. *Wagner* held section 404 unconstitutional because it did just that. *Dicta* in *Bradley* notwithstanding, due process protects *property* as well as *liberty,* and there can be no distinction between a sentence of imprisonment and a sentence of a fine. Thus, section 404 is still unconstitutional—in part.

SEVERABILITY

Although we hold the fine unconstitutional, we need not strike the entirety of section 404. Section 602 of the Illinois Controlled Substances Act provides:

> "If any provision of this Act or the application thereof to any person or circumstance is invalid, such invalidation shall not affect other provisions or applications of the Act which can be given effect without the invalid provision or application, and to this end the provisions of this Act are declared to be severable." Ill. Rev. Stat. 1979, ch. 56½, par. 1602.

Our supreme court has established the following test for severability:

> " 'If what remains after the invalid portion is stricken is complete in itself and capable of being executed wholly independently of that which is rejected, the invalid portion does not render the entire section unconstitutional unless it can be said that the General Assembly would not have passed the statute with the invalid portion eliminated.' " (*City of Carbondale v. Van Natta* (1975), 61 Ill. 2d 483, 490, 338 N.E.2d 19, 23-24, quoting from *Livingston v. Ogilvie* (1969), 43 Ill. 2d 9, 23, 250 N.E.2d 138, 146.)

The court has also acknowledged that a valid and invalid provision may even be contained in the same sentence. (*Livingston.*) The provisions of section 404 in question meet the test of severability under *Van Natta* and *Livingston.*

■ Accordingly, we affirm that portion of the trial court's judgment imposing a sentence of 4 years, but vacate the $2,500 fine.

TRIVIA

Because of our ruling on the constitutionality of the fine, the other issues raised by the defendant become moot and need not be addressed.

Affirmed as modified.

GREEN, P. J., concurs.

JUSTICE WEBBER, dissenting:

The majority's solution to the problem presented is not persuasive and is a usurpation of legislative prerogative. It is well established that it is the province of the legislature under the State's police power to define and classify offenses and to prescribe penalties therefor. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 431 N.E.2d 344.) The entire scheme of sections 401, 402, 403, and 404 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1981, ch. 56½, pars. 1401, 1402, 1403, and 1404) is that of defining the offenses in terms of felony or misdemeanor and then providing for a fine in addition thereto. By striking the fine from section 404 the majority punches a large hole in this otherwise seamless web. The ubiquity of the fines throughout the penalty sections, and the size thereof, *e.g.*, $200,000 under section 401(a), indicates a clear intention on the part of the legislature to "take the profit out of drugs."

The better solution, as exemplified in *Bradley* and *Wagner*, is to declare the entire section void and thus give the legislature the opportunity of correcting its own oversight. In both of those opinions the supreme court acknowledged the amendments of 1979, yet felt unable to apply them retroactively to the date of the respective convictions, both of which were prior to the effective date of the 1979 amendments. The result, of course, is to release some patently guilty defendants, but the long-range good in obtaining a consistent series of punishments is a necessary trade-off.

The opinion in *Wagner* has pointed out the problem. After reviewing the legislative amendments of 1979, Justice Clark said:

> "Possession or delivery of a noncontrolled substance under section 404 still subjects one to a greater fine than may be imposed under sections 401(e) or (f) (Ill. Rev. Stat. 1979, ch. 56½, par. 1401)." (89 Ill. 2d 308, 310, 433 N.E.2d 267, 268.)

A clearer signal for legislative action would be difficult to find.

Moreover, by invalidating the fine, the majority may only invalidate the amount thereof. Under section 5—9—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—9—1) a fine is an authorized disposition. The net result of the majority opinion is to leave standing a fine without any specific amount. In such case, section 5—9—1(a)(1) (Ill. Rev. Stat. 1981, ch. 38, par. 1005—9—1(a)(1)) is triggered. Since no fine is specified under the majority opinion, it becomes $10,000 under this section of the Code. This still puts it at odds with the fine specified in section 401(f) which is $5,000.

Although not pertinent to this discussion, it may well be inquired whether any $5,000 fine is authorized. Section 5—9—1(a)(1) of the

Code provides for a fine of "$10,000 or the amount specified in the offense, whichever is greater" for a felony.

For all the foregoing reasons, I would follow *Wagner* and reverse the defendant's conviction in its entirety.