(Nos. 56482, 56662, 56663 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. MICHAEL MANUEL, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. MICHAEL HUSKEY, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. WILLIAM J. CLINTON, Appellee.

*Opinion filed February 18, 1983.*

Tyrone C. Fahner, Attorney General, of Springfield, and John Clemons, State's Attorney, of Murphysboro (Michael B. Weinstein and Ellen M. Flaum, Assistant Attorneys General, of counsel), for the People.

Randy E. Blue, Deputy Defender, of the Office of the State Appellate Defender, of Mount Vernon, for appellees.

JUSTICE UNDERWOOD delivered the opinion of the court:

Defendants Michael L. Manuel (cause No. 56482), Michael Huskey (cause No. 56662), and William J. Clinton (cause No. 56663) were charged by information in the circuit court of Jackson County with violating section 404 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1979, ch. 56½, par. 1404). Manuel was charged with two counts of delivery of a noncontrolled substance represented to be a controlled substance (cocaine) allegedly occurring on March 18 and 20, 1981; Huskey was charged with two counts of delivery of a noncontrolled substance represented to be a controlled substance (amphetamine) allegedly occurring on February 3 and 13, 1981; and Clinton was charged with one count of delivery of a noncontrolled substance represented to be a controlled substance (amphetamine) allegedly occurring on June 9, 1981. The trial court granted each defendant's motion to dismiss, holding that section 404 was unconstitutional under this court's opinion in *People v. Wagner* (1982), 89 Ill. 2d 308. The State appealed directly here pursuant to our Rule 603 (87 Ill. 2d R. 603). We consolidated the causes.

The defendant in *Wagner* had been convicted of delivery of a noncontrolled substance represented to be a controlled substance (heroin) which was punishable under section 404 as a Class 3 felony with a possible $15,000 fine. At the time of Wagner's offense, delivery of an actual Schedule IV or V controlled substance was punishable as a Class 4 felony with a possible fine of $10,000 for the Schedule IV offense and $5,000 for the Schedule V offense. (Ill. Rev. Stat. 1977, ch. 56½, pars. 1401(e), (f).) A majority of this court held that because section 404 punished delivery of the noncontrolled substance more severely than delivery of a controlled substance, it "is not reasonably designed to remedy the evil which the legislature determined to be a greater threat to the public" (89

Ill. 2d 308, 313) and, as such, violated the due process clause of the Illinois Constitution (Ill. Const. 1970, art. I, sec. 2). Although not applicable in that case, the court noted that the legislature, on September 14, 1979, by Public Act 81—583, amended sections 401(e) and (f) to make delivery of a Schedule IV or V controlled substance a Class 3 felony. The permissible fines remained unchanged.

The State argues here, relying on two decisions of the appellate court (*People v. Burks* (1982), 108 Ill. App. 3d 433, *rev.* (Feb. 18, 1983), No. 57261; *People v. Johnson* (1982), 106 Ill. App. 3d 759), that *Wagner* does not preclude a prosecution under section 404 "as amended" because that decision is applicable only to the statutory scheme in effect at the time of that defendant's offense. Further, the State submits that the continued fine disparity does not rise to constitutional magnitude (*People v. Johnson* (1982), 106 Ill. App. 3d 759, 765-66), or, alternatively, is severable from the remainder of the statute (*People v. Burks* (1982), 108 Ill. App. 3d 433, 438). As defendant points out, the difficulty with the State's position concerning the nonapplicability of *Wagner* to these prosecutions is that *section 404* was not amended by the legislature. Public Act 81—583, upon which the State relies, specifically amended sections 401 and 402 of the Illinois Controlled Substances Act, and, as noted in *People v. Bradley* (1980), 79 Ill. 2d 410, 418, thereby remedied the unconstitutional penalty disparity that had previously existed between delivery and possession of the same type of controlled substance. While we agree that the fortuitous effect of the amendment was to change the statutory scheme so as to remedy the unconstitutional classification addressed in *Wagner*, we cannot agree that the amendment to sections 401 and 402 can operate to, in essence, revive a different statute which this court subsequently holds unconstitutional.

When a statute is held unconstitutional in its entirety,

it is void *ab initio* (see, *e.g., Van Driel Drug Store, Inc. v. Mahin* (1970), 47 Ill. 2d 378, 381-82; *People v. Clardy* (1929), 334 Ill. 160, 163-64; *Mills v. Peoples Gas Light & Coke Co.* (1927), 327 Ill. 508, 535; *Quitman v. Chicago Transit Authority* (1952), 348 Ill. App. 481; 16 Am. Jur. 2d *Constitutional Law* sec. 256 (1979)), and it is clear that defendants here cannot be prosecuted under an unconstitutional act (*e.g., People v. Meyerowitz* (1975), 61 Ill. 2d 200). Had the legislature amended section 404, as it now has (Pub. Act 82—968, eff. Sept. 7, 1982), we would then have been in a position to examine anew its validity within what would then be a new statutory scheme. At the time of these offenses, however, section 404 had not been amended, and we therefore hold that *Wagner* precludes these prosecutions. To the extent that the appellate court decision in *Johnson* is inconsistent with this opinion, it is expressly disapproved.

The circuit court's judgments dismissing the charges against defendants Manuel, Huskey and Clinton under section 404 of the Act are accordingly affirmed.

*Judgments affirmed.*