THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JIMMIE LEE TAYLOR, Defendant-Appellant.

First District (1st Division)   No. 81—359

Opinion filed April 18, 1983.

James J. Doherty, Public Defender, of Chicago (Aaron L. Meyers, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat and Gregory G. Thiess, Assistant State's Attorneys, of counsel), for the People.

JUSTICE CAMPBELL delivered the opinion of the court:

Defendant, Jimmie Lee Taylor, appeals from his conviction in a jury trial of delivery of a substance purported to be a controlled sub-

stance and unlawful use of weapons. Defendant was sentenced to two concurrent maximum extended terms of 10 years. On appeal, defendant raises two issues: (1) whether the statute prohibiting delivery of a substance represented as a controlled substance (Ill. Rev. Stat. 1979, ch. 56½, par. 1401) is unconstitutional, and (2) whether the sentence imposed resulted from the consideration of improper factors and is an abuse of discretion.

Defendant was charged with delivery of a purported controlled substance, unlawful use of weapons, armed robbery and armed violence. An undercover narcotics officer testified at trial that he met with defendant and arranged to purchase cocaine from the defendant. In fact, defendant delivered a packet of flour containing no controlled substance. In the course of the delivery of the purported controlled substance defendant displayed a handgun and demanded payment. The jury convicted defendant of delivery of a purported controlled substance and unlawful use of weapons.

Defendant contends that the statute prohibiting delivery of a substance purported to be a controlled substance (Ill. Rev. Stat. 1979, ch. 56½, par. 1404) is an unconstitutional deprivation of due process under the Illinois Constitution (Ill. Const. 1970, art. I, sec. 2) because it established a greater punishment for delivery of an uncontrolled substance than the punishment imposed for delivery of actual controlled substances listed in schedules IV and V (Ill. Rev. Stat. 1979, ch. 56½, pars. 1401(e), (f)). The above offenses are all Class 3 felonies. Additionally, however, a person convicted of delivery of a purported controlled substance may be fined up to $15,000, while delivery of a schedule IV or V controlled substance is punishable by a fine of up to $10,000 or $5,000 respectively. Further, defendant contends that notwithstanding the disparate fines, punishing delivery of an uncontrolled substance with equal severity to the delivery of a controlled substance violates the Illinois Constitution.

Defendant relies upon the supreme court decisions *People v. Wagner* (1982), 89 Ill. 2d 308, 433 N.E.2d 267, and *People v. Bradley* (1980), 79 Ill. 2d 410, 403 N.E.2d 1029. In *Wagner* the court declared unconstitutional the statute prohibiting delivery of a substance purported to be a controlled substance (Ill. Rev. Stat. 1977, ch. 56½, par. 1404), within an earlier version of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1100 *et seq.*). That version of the Act punished delivery of a purported controlled substance, a Class 3 felony, more severely than delivery of a schedule IV or V controlled substance, a Class 4 felony. Ill. Rev. Stat. 1977, ch. 56½, pars. 1401(e), (f).

The supreme court in *Wagner* applied the rationale of *People v. Bradley*. The *Bradley* court recognized that the legislature, under the State's police power, has wide discretion to fix penalties for defined offenses. The exercise of this discretion, however, is subject to constitutional prohibition against a denial of due process of law. Due process under the Illinois Constitution has been interpreted to require that a statute in exercise of the State's police power must be reasonably designed to remedy the evils which the legislature has determined to be a threat to public health, safety and general welfare. *Bradley* held that since the legislature clearly intended to punish those who traffic in drugs more severely than those who merely possess drugs, a statute which established a more severe penalty for possession of certain controlled substances than was established for delivery of those same substances was "not reasonably designed to remedy the evil which the legislature determined to be a greater threat to the public" (79 Ill. 2d 410, 418, 403 N.E.2d 1029, 1032) and, therefore, violated the due process clause of the Illinois Constitution. (Ill. Const. 1970, art. I, sec. 2.) The *Wagner* court followed *Bradley* to determine that it was also unconstitutional to punish the less serious offense of delivery of a noncontrolled substance more severely than the more serious offense of delivery of a controlled substance.

In 1979, the legislature amended the Illinois Controlled Substances Act to increase the penalty for delivery of a schedule IV or V controlled substance to a Class 3 felony, while maintaining the maximum fine of $10,000 and $5,000 respectively. (Ill. Rev. Stat. 1979, ch. 56½, pars. 1401(e), (f).) Subsequently, two Illinois cases have considered whether the amendments cure the constitutional defects under *Wagner*. *People v. Johnson* (1982), 106 Ill. App. 3d 759, 436 N.E.2d 757, *appeal denied* (1982), 91 Ill. 2d 576; *People v. Burks* (1982), 108 Ill. App. 3d 433, 438 N.E.2d 1376.

In *People v. Johnson*, the Third District held that under the amended sentencing provisions of the Illinois Controlled Substances Act, section 404 no longer constituted a violation of due process. The court noted that meticulous exactitude was not required in making legislative classifications and that the legislature was in a superior position to that of the court to make classifications with respect to the seriousness of offenses. The court further noted that only the manufacture and delivery of relatively less dangerous schedule IV and V controlled substances are Class 3 felonies. The court interpreted *Wagner* not to require a disparity in sentencing in favor of section 404 violators. The court also held that the disparity between the potential fines for section 404 and sections 401(e) and (f) was not sufficient

alone to declare the amended section 404 unconstitutional.

The Fourth District, in *People v. Burks*, declined in part to follow the *Johnson* decision. Burks was convicted of a violation of section 404 and sentenced to a four-year prison term and fined $2,500. With respect to the sentencing provision of section 404, the court held that equal punishment for delivery of a purported controlled substance and delivery of a schedule IV or V controlled substance was not constitutionally defective. The court determined that it was not so irrational nor an obvious mistake of the legislature to "punish delivery of a substance represented to be a controlled substance as severely as delivery of the real thing." 108 Ill. App. 3d 433, 436, 438 N.E.2d 1376, 1378.

With respect to the fine provision of section 404, *Burks* held that section 404 was still unconstitutional under *Wagner* because it provides for a more severe penalty than is provided for the more serious offense in sections 401(e) and (f). The court reasoned, however, that the invalid fine provision may be severed from the rest of section 404 since the remaining provision was complete in itself and capable of being executed independently of the fine provision. (*City of Carbondale v. Van Natta* (1975), 61 Ill. 2d 483, 490, 338 N.E.2d 19, 23-24.) Accordingly, the court affirmed Burks' sentence but vacated the $2,500 fine.

In our original disposition of this case, we held first that defendant was not in a position to challenge the constitutionality of the fine provision since defendant was not sentenced under that provision nor in any way aggrieved by its operation. *People v. Mayberry* (1976), 63 Ill. 2d 1, 6, 345 N.E.2d 97, 100, *cert. denied* (1976), 429 U.S. 828, 50 L. Ed. 2d 92, 97 S. Ct. 87; *People v. Johnson* (1952), 412 Ill. 109, 105 N.E.2d 766, *cert. denied* (1952), 344 U.S. 858, 97 L. Ed. 666, 73 S. Ct. 98.

Secondly, we followed the *Johnson* and *Burks* decisions and held that the equal classification of section 404 and sections 401(e) and (f) as Class 3 felonies is not so irrational or arbitrary as to be invalid under the due process clause of the Illinois Constitution. The legislature, in the exercise of the State's inherent police power has wide discretion to classify the threat posed to public welfare by fixing the penalties for various offenses. Legislative enactments, however, must be reasonably designed to remedy the evils which the legislature has determined to be a threat to public health, safety and general welfare. (*Bradley*.) When the legislature amended the sentencing classification of sections 401(e) and (f) by increasing these offenses to Class 3 felonies while not disturbing section 404 classification, the legislature

"has expressed its finding that the delivery of 'look-alike' drugs is as harmful as the manufacture or delivery of schedule IV or V controlled substances." (*People v. Johnson* (1982), 106 Ill. App. 3d 759, 766, 436 N.E.2d 757, 764.) The legislature is in a position superior to that of the judiciary to evaluate the harm posed by traffic in substances represented to be controlled substances. *Wagner* does not require that section 404 violators be given a more lenient sentence than those convicted under sections 401(e) and (f). Indeed, in *Bradley*, the supreme court held that provisions of the Illinois Controlled Substances Act which punished possession of a Schedule II or III controlled substance with equal severity to the punishment of delivery of these same substances did not offend due process. (79 Ill. 2d 410, 419, 403 N.E.2d 1029, 1033.) Just as *Bradley* held that it is constitutionally permissible to establish an equal punishment for the lesser offense of possession as is established for the greater offense of delivery, so too it is permissible to establish an equal punishment for the lesser offense of delivery of a purported controlled substance as is established for the greater offense of delivery of a controlled substance.

██ Subsequent to our original disposition of this case, the supreme court considered the constitutionality of section 404 under arguments not raised by defendant before us. (*People v. Manuel* (1983), 94 Ill. 2d 242.) In *Manuel* the defendants argued that they could not be convicted under section 404 because section 404 had never been amended or re-enacted since the time that the court had held that it was unconstitutional in *Wagner*. The *Manuel* court held that when a statute is found unconstitutional in its entirety, it is void *ab initio* and the fortuitous effect of the amendment to sections 401 and 402 which remedied the unconstitutional disparity in penalties does not operate to revive section 404. (94 Ill. 2d 242, 244-45.) The court noted that if the legislature had amended section 404, as it now has (Pub. Act 82—968, eff. Sept. 7, 1982), "we would then have been in a position to examine anew its validity within what would then be a new statutory scheme." (94 Ill. 2d 242, 245.) Since section 404 had not been amended at the time that the defendants committed the offenses in question, *Wagner* precluded their prosecution. The court also expressly disapproved of the *Johnson* decision to the extent that it is inconsistent with *Manuel*. At the time of defendant's offense section 404 had not been amended and we find, therefore, that the supreme court's decisions in *Manuel* and *Wagner* require the reversal of defendant's conviction for delivery of a substance purported to be a controlled substance and his sentence with respect thereto.

The second issue raised by defendant is whether the sentence im-

posed by the trial court resulted from a consideration of improper factors and was an abuse of discretion. Defendant contends that the trial court incorporated the armed robbery and armed violence charges into his sentencing determination even though defendant was acquitted of those charges. During the sentencing hearing the trial judge commented on the severe sentence to which defendant would have been subject if defendant had been convicted of armed robbery and armed violence. The trial judge stated:

"Were it not for that jury verdict or verdicts of not guilty, it's very possible Mr. Taylor would never, ever come out of the penitentiary alive. He'd get that much time.

I think, he deserves it. He's been in the penitentiary four times, violation of probation, and violation of parole each and every time and almost each and every time he's been put on probation or parole."

Defendant argues that this comment indicates that the trial judge relied upon this factor in his sentencing.

The State contends that the judge's comments when read in their entirety clearly indicated that the trial judge did not consider the acquitted offenses in determining defendant's sentence. The State argues that the fact that the court relied upon proper factors in sentencing defendant may be seen from the court's repeated reference to defendant's record, such as:

"*** [defendant] has been consciously disregarding the laws of this State for a very, very long time, over ten years.

He has by his record, which is horrendous, indicated a probability of continuing to disregard the laws of this State.

He has according to our laws, specifically Chapter 38, 1005—3.2 [sic] qualified himself for an extended term."

The trial court is normally the proper forum in which a suitable sentence may be determined and the trial judge's decisions in regards to sentencing are entitled to great deference and weight. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882, 884.) The Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1001—1—1 *et seq.*) "vests a wide discretion in sentencing judges in order to permit reasoned judgments as to the penalty appropriate to the particular circumstances of each case." (*People v. La Pointe* (1982), 88 Ill. 2d 482, 492, 431 N.E.2d 344, 348.) Absent an abuse of discretion by the trial court, a sentence may not be altered upon review. *Perruquet.*

■ Defendant relies upon *People v. Hammock* (1979), 68 Ill. App. 3d 34, 385 N.E.2d 796, and *People v. Vaughn* (1978), 56 Ill. App. 3d 700, 371 N.E.2d 1248. In both of these cases the appellate court re-

duced the sentence imposed by the trial court because the trial court abused its discretion by relying upon improper factors or incompetent evidence in determining the appropriate sentence. In the case at bar, however, the trial judge's comments at sentencing do not indicate that he relied upon the acquitted offenses in determining the sentence for defendant. A review of the court's comments during the sentencing hearing indicates that the court considered defendant's long criminal record and defendant's numerous violations of probation and parole in deciding to sentence defendant to an extended term. We are not convinced that the trial judge considered the acquitted charges as one of the factors in its determination of defendant's sentence.

■ Lastly, defendant prays that in the event that we reverse his conviction for delivery of a purported controlled substance, we remand his conviction of unlawful use of weapons for resentencing. Defendant argues that when there is a possibility that a now-reversed conviction may have influenced the trial judge's sentencing decision on other convictions, the remaining convictions should be remanded for a new sentencing hearing. (*People v. Alejos* (1982), 104 Ill. App. 3d 414, 432 N.E.2d 1046.) We note that both offenses of which defendant was convicted are Class 3 felonies (Ill. Rev. Stat. 1979, ch. 56½, par. 1404; Ill. Rev. Stat. 1979, ch. 38, par. 24—1(b)), and that the trial judge sentenced defendant to a 10-year maximum extended term for each offense. From the trial judge's comments at sentencing it is evident that the defendant's long record was crucial to the judge's decision to impose a 10-year extended term. Under the facts of this case, we are not persuaded that the defendant's conviction under section 404 influenced the trial judge's sentencing decision on the unlawful use of weapons conviction.

Accordingly, for the reasons stated herein, defendant's conviction for delivery of a substance represented as a controlled substance is reversed. In all other respects, the judgment of the circuit court of Cook County is affirmed.

Reversed in part, and affirmed in part.

GOLDBERG and O'CONNOR, JJ., concur.