THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LORI E. UPTON, Defendant-Appellant.
Fifth District   No. 5—84—0632

Opinion filed September 18, 1985.—Rehearing denied October 29, 1985.

William G. Schwartz, of Hunter & Schwartz, of Carbondale, for appellant.

John R. Clemons, State's Attorney, of Murphysboro (Kenneth R. Boyle, Stephen E. Norris, and Vito A. Mastrangelo, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE KARNS delivered the opinion of the court:

Defendant, Lori E. Upton, was convicted on three separate counts of unlawful distribution of a look-alike substance in violation of section 404 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1983, ch. 56½, par. 1404), after a jury trial in the circuit court of Jackson County. She was sentenced to one year of conditional discharge and a fine of $100 on each count, and ordered to pay court costs plus restitution of $39. She appeals her convictions, claiming they resulted from the application of an unconstitutional statutory scheme.

The precise constitutional question raised by defendant is whether section 404, as amended (Pub. Act. 82—968, eff. Sept. 7, 1982), violates due process because it provides for a potential penalty more severe than that which may be imposed for delivery of a real controlled substance. Distribution of a look-alike substance in contravention of the proscription contained in section 404 subjects violators to a possible fine of $150,000 without regard to the type of substance involved. Delivery of a controlled substance in violation of subparagraphs (e), (f), and (g) of section 401 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1983, ch. 56½, pars. 1401(e), (f), (g)) can result in possible penal fines ranging from $75,000 to $125,000. Defendant argues that the amended statutory scheme of section 404 contains the same constitutional defect as its predecessor (Ill. Rev. Stat. 1979, ch. 56½, par.

1404) and that her conviction must therefore be vacated.

■■ We first address the State's contention that defendant lacks standing to attack the constitutionality of section 404. The same argument was rejected in *People v. Burks* (1982), 108 Ill. App. 3d 433, 438 N.E.2d 1376, *aff'd in part, rev'd in part* (1983), 92 Ill. 2d 569, 451 N.E.2d 1260. It is not necessary, as the State insists, that a complaining defendant actually receive a sentence in excess of that allowable for convictions of delivery of a controlled substance in order to sustain a due process challenge. The irrational penalty provisions of section 404 form the basis of defendant's constitutional claim. As in *Burks*, the injury which affords standing to the instant defendant arose from being sentenced under an invalid statutory scheme, thus placing her within the aggrieved class. 108 Ill. App. 3d 433, 435, 438 N.E.2d 1376, 1378.

■■ Turning to the merits, we are confronted with a statute whose subsequent amendment by the legislature is argued by the State as the considered expression of the legislative treatment of the seriousness of drug-related offenses to which this court should defer as the court did in *People v. Johnson* (1982), 106 Ill. App. 3d 759, 765-66, 436 N.E.2d 757, 763-64. Prior to its revision in 1979, the Controlled Substance Act punished the delivery of a noncontrolled look-alike substance as a Class 3 felony while delivery of a Schedule IV or V controlled substance was punishable as a Class 4 felony. (Ill. Rev. Stat. 1977, ch. 56½, pars. 1401, 1404.) The disparity of penalties for these separate crimes formed the basis for the invalidation of section 404 in *People v. Wagner* (1982), 89 Ill. 2d 308, 433 N.E.2d 267. The supreme court held that the statute violated the due process clause of the Illinois Constitution (Ill. Const. 1970, art. I, sec. 2). Thereafter, the legislature amended the Controlled Substances Act by reclassifying the delivery of Schedule IV or V substances as Class 3 felonies. Pub. Act. 81–583, eff. Sept. 14, 1979.

The court noted this corrective action when a similar challenge to the constitutionality of section 404 was presented in *People v. Burks* (1982), 108 Ill. App. 3d 433, 438 N.E.2d 1376. However, the court stated that the disparity of the fine provisions persisted despite the curative amendments and held that section 404, which was not amended, remained defective because it provided for a more severe penalty than that listed in sections 401(e) and (f), which deal with more serious offenses. (108 Ill. App. 3d 433, 438 N.E.2d 1376, 1379.) In contrast, the Third District held that the incongruence of the fine provisions of section 404 offenses and section 401 offenses did not rise to constitutional dimensions, and that the amended sentencing

scheme did not offend due process considerations. *People v. Johnson* (1982), 106 Ill. App. 3d 759, 765, 436 N.E.2d 757, 763-64.

In essence, the State encourages us to adopt the analysis of the *Johnson* case. Our supreme court expressly disapproved the *Johnson* decision in *People v. Manuel* (1983), 94 Ill. 2d 242, 446 N.E.2d 240. In *Manuel*, while the court agreed "that the fortuitous effect of the amendment [of Pub. Act 81—585] was to change the statutory scheme so as to remedy the unconstitutional classification addressed in *Wagner*, we cannot agree that the amendment to section 401 and 402 can operate to, in essence, revive a different statute which this court subsequently holds unconstitutional." (94 Ill. 2d 242, 244, 446 N.E.2d 240, 241.) The court held that section 404 was void *ab initio* and affirmed the dismissal of section 404 charges against several defendants. Moreover, on the same date, in the exercise of its supervisory jurisdiction, the supreme court reversed the *Burks* decision insofar as it upheld the constitutionality of the non-fine provisions of section 404. (*People v. Burks* (1983), 92 Ill. 2d 569, 451 N.E.2d 1260.) It is therefore certain that section 404 was void in its entirety prior to its amendment in 1982. Pub. Act 82—968, eff. Sept. 7, 1982.

It may well be that the new section 404, upon examination by the supreme court, would pass constitutional muster. However, as an intermediate court of review, we are constrained by the prior declarations of the supreme court concerning section 404. Because, despite the curative legislation, the fine provisions remain inexplicably but notably disparate, we believe that the constitutional infirmity first described in *Wagner* still exists. We therefore vacate defendant's conviction.

In light of our disposition, it is unnecessary for us to address the remaining issues raised by defendant.

Defendant's conviction is therefore vacated, and the order of the Circuit Court of Jackson County is reversed.

Reversed.

WELCH and KASSERMAN, JJ., concur.